[No. 6,399.]

## HARTMAN *v.* OLVERA, EXECUTOR, ET AL.

ATTACHMENT—GARNISHMENT—DEBTOR.—The purchaser of mortgaged prem-
ises does not, by his purchase, become indebted to the mortgagee, nor does
he become such debtor by virtue of an agreement with his vendor to pay
the mortgage debt. He therefore cannot be garnisheed by a creditor of the
mortgagee.

APPEAL from judgment for plaintiff, in the Seventeenth District Court, County of Los Angeles. SEPULVEDA, J.

It appeared from the complaint that Augustin Olvera, defendant Olvera's testator, sold the Rancho Cuyamaca to one Stewart, and took a mortgage for the purchase-money; that Stewart conveyed undivided interests to the defendants Allison and Treat, the latter of whom conveyed an undivided interest to defendant Luco; that the said defendants agreed with Stewart to pay their respective proportions of the mortgage debt, and that they had been garnisheed under an attachment in a suit by the plaintiff against Olvera, in which he afterward obtained judgment. The other facts are stated in the opinion.

*E. F. Head* and *McConnell & Lucas*, for Appellants.

There was no debt due from the defendant Olvera. The purchase of land incumbered by mortgage creates no debt as between the purchaser and the mortgagee. A debt that may be garnisheed must be a debt owing to the defendant at the time of service. (Code Civ. Proc. § 545; *Hassey* v. *G. I. W. U. Congregation*, 35 Cal. 386.)

*F. H. Howard*, for Respondent.

There was a debt due from Luco and Allison to Olvera, which was attachable. However the transaction may have been originally, it appears that Luco and Allison promised to pay Olvera their several proportions of the purchase-money.

By the COURT:

The demurrer should have been sustained. The complaint alleges, indeed, that the defendants, Luco and Allison, admitted an indebtedness on service of process of garnishment, but sets forth in full the facts out of which the alleged indebtedness arose. The appellants did not become indebted by taking conveyances from the mortgagor, nor did they become indebted to the mortgagee by an agreement made between them and the mortgagor, to which the mortgagee was not a party, and to which he did not assent.

Judgment reversed and cause remanded, with directions to sustain the demurrer to the complaint. Remittitur forthwith.

WALLACE, C. J., expressed no opinion.