## A. B. SEARING V. ALMON BENTON.

1. SERVICE BY PUBLICATION — *What Must Appear.* Before service can be had on a non-resident of the state by publication where one is served with attachment and garnishee process, it must appear that the party garnished has property of the defendant in his control or is indebted to him.

2. MORTGAGE — *Foreclosure — Vendee, not Debtor of Mortgagee.* In an action where the owner of a note and mortgage asks and obtains a personal judgment for the amount of the note against the makers thereof, and a decree foreclosing the mortgage and an order for the sale of the land, and also a judgment against the vendee of the mortgagors who purchased the land after the execution of the mortgage, decreeing her rights in the land to be subject and inferior to his mortgage lien, such vendee does not thereby become the debtor of the mortgagee.

3. VENDEE, *Not Debtor of Owner of Mortgage.* Where the purchaser of land agrees to pay the debt of his grantors as a part of the purchase-price thereof, but their creditor does not accept and adopt the contract; on the contrary he asks, in an action to foreclose the mortgage on the land sold, a personal judgment against the grantors and a decree of foreclosure and an order of sale, and simply asks that any right of the vendee may be adjudged inferior and subject to his mortgage lien, *held,* that the vendee is not the debtor of the owner of the note and mortgage.

*Error from Shawnee District Court.*

SEARING complains of an order of the court below over-ruling his motion to set aside a certain judgment rendered in favor of the defendant in error, *Benton.* The material facts are stated in the opinion.

*Edwin A. Austin,* for plaintiff in error.

*A. H. Case,* for defendant in error.

Opinion by HOLT, C.: This action was begun in the Shawnee district court by the plaintiff filing his petition for damages, setting forth an unliquidated claim and an affidavit for attachment and garnishment. In the affidavit, he says that Betsey F. Benton his wife, a resident of Shawnee county, Charles E. Tucker and Eliza Tucker, residents of Pottawatomie county, are indebted to him. Attachment and garnishment process were issued to the sheriff of Shawnee county, and served on Mrs. Benton, who afterward filed her affidavit in the case for her answer as garnishee, which, omitting caption, exhibits, and verifications, is as follows:

"Betsey F. Benton, being duly sworn, says that she is the garnishee mentioned in the writ, hereto attached, marked 'A,' in the case of Almon Benton *v.* A. B. Searing, in the district court of Shawnee county, Kansas; and she says that at the time of the service of the writs hereto attached to this answer, marked 'A' and 'B,' on her, she was the owner by purchase from Charles E. Tucker and Eliza Tucker his wife, of the following land, as hereinafter described, situate in Jackson county, Kansas; that she purchased said land subject to a mortgage given by Tucker and wife to one Homer J. Ransom, for $1,400 and interest thereon, and in her purchase contract with said Tuckers she was to assume and pay the said mortgage as a part of the consideration for said lands; that said mortgage was sold and transferred to the Littleton Savings Bank, of New Hampshire, and by said bank sold to and transferred to A. B. Searing, and said Searing, on a suit to foreclose said mortgage, wherein, in the circuit court of the United States for the district and state of Kansas, he made said

Tuckers and this affiant and garnishee parties defendant, and at the November term of said court, 1886, recovered a judgment on said mortgage against all said defendants above mentioned therein, of foreclosure, for the sum of $1,640.40, which judgment is still in full force and unappealed from, and is a lien on the lands above referred to, in said Jackson county, said lands being as follows: the southeast quarter of section 28, and lot 2 of the southwest fractional quarter of section 27, all in township 5, range 15 east, containing $182\frac{21}{100}$ acres, more or less; that although said judgment is not against her personally, as she did not execute or indorse said mortgage or the note secured thereby, she is bound under her contract with Tuckers to pay the same, with interest. And she says this is the only indebtedness against her of said Searing, and is the only money, credit or property of his that she has in her possession or under her control; and further saith not."

Afterward service was made by publication. The defendant failed to appear, and a judgment was rendered against him for $2,000, and Mrs. Benton and the Tuckers were directed to pay the clerk of the court the sum of $1,640.40, with interest, etc., and upon the payment of said sum by either of them such payment would be in full satisfaction and bar of the judgment rendered against them in the circuit court of the United States for Kansas, less the costs in that action. Afterward the defendants, appearing specially for that purpose only, moved the court to set aside and vacate the judgment, giving the following reasons:

"1st. Said judgment is void on its face, and utterly without jurisdiction.

"2d. The district court of Shawnee county, Kansas, has no jurisdiction of the defendant, nor of the subject-matter of this action.

"3d. This defendant has not been served with summons in Shawnee county or elsewhere, and no service by publication is authorized by law against this defendant herein.

"4th. It does not appear by the answers of the garnishees, Betsey F. Benton, Charles E. Tucker, and Eliza Tucker, that there is any property or debts owing to said defendant in said Shawnee county, necessary to sustain jurisdiction in this case."

The motion was overruled; of that ruling the defendant

complains. The defendant claims that the jurisdiction of the court depends upon the answer of Betsey F. Benton, the only garnishee served in Shawnee county, and insists that the question to be decided in this action is whether her answer shows that she was indebted to the defendant. It will be noticed that the decree against her in the federal court was not a personal judgment, and it is evident from the answer of the garnishee that the only one there rendered against her was adjudging her right and interest in the land which the Tuckers had mortgaged to be subject and inferior to Searing's mortgage.

Our statute provides that when the plaintiff believes any person has property of the defendant in his possession, or is indebted to him, in an action where an attachment has issued such person may be served with garnishee process. There is no contention that Mrs. Benton had any property of defendant in her possession, but it is claimed, and she so states, that she was indebted to him. Now it appears from the answers of all the garnishees that the Tuckers were judgment debtors of defendant under the judgment he obtained in the federal court. They were not, however, residents of Shawnee county, and an action brought in that county would not give the court jurisdiction of them in Pottawatomie county unless service had first been obtained upon some defendant in Shawnee county. The answer of Mrs. Benton, construed as plaintiff wishes it to be, does not attempt to show that she was indebted to him beyond the sum of $1,640.40, with interest. Hence, in any event, a personal judgment against defendant for $2,000 would have been void as to the excess over $1,640.40, with interest, etc. When service is obtained by publication there can be a judgment rendered only for the amount of the property attached or held under garnishee process. It cannot be seriously contended that Betsey F. Benton is a judgment debtor of Searing. Under the judgment obtained in the federal court she was not held personally liable for any part of the $1,640.40. There was simply a personal judgment rendered against Charles E. Tucker, and an order to foreclose a mortgage on certain land

in Jackson county, describing it, if the judgment should not be paid in a certain time, and that Betsey F. Benton's right and interest in the land should be held inferior and subject to this judgment and mortgage lien of Searing; there was no attempt to make her a judgment debtor of Searing.

It might be claimed that she was indebted to Searing under the contract made between her and the Tuckers, agreeing that the payment of this note and mortgage should be a part of the purchase-price of the farm sold by the Tuckers to her. Of the scope of that contract and whether it was parol or in writing, we have no information from the record except the statement in Mrs. Benton's answer as garnishee, which is, that she was to assume and pay said note and mortgage as a part of the consideration for said land. It might be urged that this made her a debtor of Searing irrespective of any judgment of the court. (*Anthony v. Herman*, 14 Kas. 495; *Life Assurance Society v. Welch*, 26 id. 642; *Brenner v. Luth*, 28 id. 583; *Strong v. Marcy*, 33 id. 109; *Rickman v. Miller*, 39 id. 362.) But there is this distinction in the cases cited from this one: in all those cases the party for whose benefit the contract was made was claiming its enforcement; in this case he does not. If the contract was made as shown by the answer of Mrs. Benton as garnishee, unquestionably Searing could, if he had desired, have obtained a judgment against her; and further, the rule may fairly be stated to be, that if it was shown that such contract was in his favor and for his benefit, *prima facie* he would be presumed to have accepted it; but in this case it is in evidence that he commenced his action for foreclosure of this mortgage and asked for a personal judgment against the Tuckers for the sale of this land, and only claimed that Mrs. Benton's rights were inferior to his under the mortgage. It may be fairly presumed that he thought his security on the land was ample, and that the personal judgment against the makers of the note was sufficient, and that he did not care for a personal judgment against Mrs. Benton, who is not shown to have any property except the farm she purchased from the Tuckers. In any event, it can be safely said that he did not care

to accept the contract between the Tuckers and Mrs. Benton. (*Hartman v. Olvera*, 54 Cal. 61; Waples, Att. & Garn. 204.)

This disposes of this case, and it is unnecessary to examine the other contention of the defendant, namely, that the district court of Shawnee county could not have garnished a judgment debtor of this defendant in a judgment in the federal court.

We recommend that the judgment of the district court overruling the motion to vacate be reversed.

By the Court: It is so ordered.

All the Justices concurring.