The McKinley-Lanning Loan and Trust Company
v. Thomas Bassett.

No. 90.

1. Injunction Against Judgment—*petition for, showing jurisdiction and judgment within issues, states no cause of action.* Where, in an action to enjoin the sale of real estate ordered sold by decree in foreclosure, the petition filed in the injunction suit shows that the court in the foreclosure proceeding had jurisdiction of the subject-matter and of the persons, and that the decree was in accord with the issues in the case, such decree is not void; and where the petition shows that the other matters relied upon as grounds for the injunction were fully decided by the court in the foreclosure suit, such petition does not state facts sufficient to constitute a cause of action.

2. ———— *will not lie for error.* If such decree was erroneous, the plaintiff had an adequate remedy at law to reverse it by proceedings in error. The decree cannot be attacked collaterally, or in a separate action.

3. Mortgagor's Grantee— *assuming mortgage, mortgagee not bound to accept as debtor.* A mortgagee is not compelled to take a personal judgment against, nor to accept, the grantee who assumes the mortgage; he can stand on the mortgage contract.

Error from Rooks District Court. Hon. Charles W. Smith, Judge. Opinion filed December 4, 1896. *Reversed.*

In 1885 one, A. C. Reid, as principal, and his son, Geo. Reid, as surety, borrowed a sum of money from the plaintiff in error, the McKinley-Lanning Loan and Trust Company, and to secure the loan gave a

mortgage on two tracts of land; one owned by the father, the principal, and the other owned by the son, the surety. One, Jonathan Sarver, afterwards purchased the land of the father, and assumed and agreed to pay the mortgage. The land of the son was afterwards sold to Bassett, the defendant in error. The debt remained unpaid, and the Trust Company began its action in the District Court of Rooks County to foreclose its mortgage. Both Sarver and Bassett, among others, were made parties, and a personal judgment sought against the former. In the course of the proceeding the Trust Company requested the appointment of a receiver for the crops growing on Sarver's land, which request was granted. No property came into the receiver's hands, the crops being turned over to a stranger on a claim of ownership. Afterwards on Sarver's motion the receiver was discharged.

At the trial of the foreclosure case the Trust Company waived personal judgment against Sarver. Foreclosure was decreed and an order made that Sarver's land be first sold, and, if the proceeds were insufficient to pay the mortgage debt, then that the land of Bassett be sold. Bassett did not prosecute error from this decree. Pursuant to this order Sarver's land was sold but failed to bring sufficient to satisfy the mortgage, and the Trust Company directed an order of sale of the Bassett land to be issued. Upon this Bassett commenced this action in the District Court before mentioned to enjoin the sale of his land, on the theory that he sustained to Sarver a relation analogous to that of surety, and that, by waiving its right to personal judgment against Sarver and also through the discharge of the receiver, the Trust Company had wrought his release from liability. Upon the trial of

the injunction case the Trust Company objected generally to the introduction of evidence, for the reason that the plaintiff Bassett's petition did not state facts sufficient to constitute a cause of action.   This objection the court below overruled and judgment was entered for the plaintiff.   A motion for a new trial having been overruled, the Trust Company brings the case to this court for review.

S. N. Hawkes, for plaintiff in error.
W. B. Ham, for defendant in error.

Gilkeson, P. J.   The plaintiff in error contends that the petition does not state facts sufficient to constitute a cause of action.   There are two grounds for injunction alleged.   *First.*  The release by the Trust Company, as plaintiff in the foreclosure action, of its right to a personal judgment against Jonathan Sarver. *Second.*  The release of a portion of the property of said Sarver, after judgment in foreclosure.   We will treat them in their order ; and, first, as to the release by the Trust Company of its right to a personal judgment against Sarver.

The petition shows that this question was fully decided in the foreclosure suit.   That decree was not void.   The court had jurisdiction of the subject-matter and of the persons, and the record shows that it was in accord with the issues in that case.   Neither was it erroneous ; but, if it was, Bassett had his adequate remedy at law to reverse it by proceedings in error ; and, failing to do that, he cannot attack the decree collaterally, or in a separate action.

The McKinley-Lanning Loan and Trust Company was not obliged to take a personal judgment against Sarver.   A mortgagee is not compelled to accept the

472   McKinley-Lanning Loan Co. v. Bassett.

N. Dept.          Opinion.   Gilkeson, P. J.          5 Kan. App.

grantee who assumes his mortgage; he can stand on the mortgage contract.

" Where the purchaser of land agrees to pay the debt of his grantors as a part of the purchase price thereof, but their creditor does not accept and adopt the contract; on the contrary he asks, in an action to foreclose the mortgage on the land sold; a personal judgment against the grantors and a decree of foreclosure and order of sale, and simply asks that any right of the vendee may be adjudged inferior and subject to his mortgage lien, *held*, that the vendee is not the debtor of the owner of the note and mortgage." *Searing v. Benton*, 41 Kan. 758.

Nor do we think that the question of principal and surety was involved under the issues of the foreclosure action, or under the law, so far as plaintiff in error was concerned. *Stove Works v. Caswell*, 48 Kan. 689.

This brings us to the other alleged ground for the injunction — the release of a portion of Sarver's property after judgment. The petition does not state that the released property was any part of the land in controversy in the foreclosure action, or that it was property ordered by the court to be sold. The evidence shows that four hundred bushels of wheat were raised upon the Sarver tract, but not that Sarver owned it, or that it was ever in the possession of the Trust Company or of the receiver. We are at a loss to understand how it could release that which it never had. M. C. Reville owned the wheat. The Company might have litigated his right thereto, but was not compelled to do so. That the Company had the receiver discharged is not shown by the record. On the contrary, the only showing on this proposition is that Sarver had the receiver discharged. The court found, as its reason for discharging him, that the

"order appointing him was imprudently, erroneously and unlawfully made."

We think the objection of the defendant to the introduction of testimony should have been sustained.

The judgment in this case will be reversed and the cause remanded for further proceedings in accordance with the views herein expressed.