No. 37,869

THE BOARD OF COUNTY COMMISSIONERS OF BUTLER COUNTY, KANSAS, *Appellant*, v. BLACK, SIVALLS & BRYSON, INC., et al., *Appellees*.

(217 P. 2d 1070)

Opinion filed May 6, 1950.

*J. Morris Moon, Jr.,* assistant county attorney, argued the cause, and *O. J. Connell, Jr.,* county attorney, was with him on the briefs for the appellant.

*J. B. McKay,* of El Dorado, argued the cause, and *James B. McKay, Jr.,* also of El Dorado, was with him on the briefs for the appellees.

The opinion of the court was delivered by

WERTZ, J.: Appellant filed its petition in the district court of Butler county on March 31, 1949, and on the same day caused summonses to be issued to defendant Black, Sivalls & Bryson, Inc., of Oklahoma City, Okla., and delivered to the secretary of state to serve; to defendants American Automobile Insurance Company and American Automobile Fire Insurance Company, both of St. Louis, Mo., and delivered to the state commissioner of insurance to serve; and to defendant Lloyd G. Mouser, of McPherson, and delivered to the sheriff of McPherson county to serve. Returns were duly made by the commissioner of insurance on April 1 and by the secretary of state on April 2 showing service of the summonses by forwarding certified copies thereof to the two insurance companies and to the Black company. Return was made on April 1 by the deputy sheriff of McPherson county showing service on defendant Mouser by leaving at his usual place of residence. All defendants appeared specially and filed motions to quash the service. Black, Sivalls & Bryson, Inc., based its motion to quash on the grounds that the pur-

ported and pretended summons issued for them (1) was not directed to the secretary of state, and (2) did not require them to answer by a certain day not less than forty days nor more than sixty days from its date. The motions to quash filed by the two insurance companies were based on the grounds that the purported and pretended summonses issued for each of them were not directed to the state commissioner of insurance, and did not require each of them to answer by a certain day not less than forty days from the dates thereof. Defendant Mouser's motion to quash was based on the ground that he was not a resident of Butler county, Kansas, and none of his co-defendants had been summoned in that county, and that his service of summons was made in McPherson county. Defendant Mouser's motion was filed May 2, and the other defendants' motions were filed May 12. On July 8, appellant filed a motion to amend the summonses. Hearing was had on the motions on July 8, appellees appearing specially for the purposes of the motions to quash only. The court after hearing the arguments, sustained the motions to quash, and thereafter overruled appellant's motion to amend. This appeal is from those rulings.

The first question for decision in this appeal is whether the court erred in sustaining the motions to quash. None of the defendants were residents of Butler county, where the action was brought, and the service on Mouser was not good unless valid service had been obtained on at least one of his codefendants (see G. S. 1935, 60-509: "Every other action must be brought in the county in which the defendant or some one of the defendants reside or may be summoned"; also see *Hembrow v. Winsor*, 94 Kan. 1, 145 Pac. 837). The other defendants were foreign corporations, two of them insurance companies, doing business in this state. Following are quotations of pertinent parts of the statutes governing service of summons upon such corporations: G. S. 1935, 17-504:

"An action against a [foreign] corporation . . . doing business in this state may be brought in the county where the cause of action arose or in which the plaintiff may reside. The summons shall be directed to the secretary of state, and shall require the defendant to answer by a certain day, not less than forty days nor more than sixty days from its date. Said summons shall be forthwith forwarded by the clerk of the court to the secretary of state, who shall immediately forward a copy thereof to the secretary of the corporation sued; and thereupon the secretary of state shall make return of said summons to the court whence it issued . . ."

G. S. 1935, 40-218:

"Every [foreign] insurance company [authorized to] . . . transact business in this state . . . shall file in the insurance department its written consent . . . that actions may be commenced against such company . . . in the proper court of any county in this state in which the cause of action shall arise or in which the plaintiff may reside by the service of process on the commissioner of insurance of this state . . . The summons . . . shall be directed to the commissioner of insurance, and shall require the defendant to answer by a certain day, not less than forty days from its date. Such summons, and a certified copy of the petition shall be forthwith forwarded by the clerk of the court to the commissioner of insurance, who shall immediately forward a copy of the summons and the certified copy of the petition to the secretary of the company . . . thereupon the commissioner of insurance shall make return of the summons to the court from whence it issued . . ."

In any action, it is essential that the trial court have jurisdiction not only over the subject matter thereof, but of the parties to the action. Jurisdiction over the person of the defendant can be acquired only by issuance and service of process in the method prescribed by the statute or by voluntary appearance, and this statutory method is exclusive of any other method of service. (*U. P. Rly. Co. v. Pillsbury*, 29 Kan. 652; *Bradley v. Harwi*, 2 Kan. Ap. 272, 275, 42 Pac. 411; *Porter v. Trapp*,, 160 Kan. 662, 664, 165 P. 2d 591.)

In the instant case, jurisdiction over the defendant corporations could be acquired only by serving them with process in the manner prescribed by statute, namely to serve Black, Sivalls and Bryson, Inc., by directing the summons to the secretary of state, and requiring the defendant company to answer by a *certain day*, not less than forty days nor more than sixty days from its date, and to serve the two insurance companies by summonses directed to the commissioner of insurance, and requiring the defendant companies to answer by a *certain day*, not less than forty days from the date of their summonses. Failure to comply with these statutory requirements renders the attempted service on defendants void. (*Insurance Co. v. Coverdale*, 48 Kan. 446, 29 Pac. 682; *Insurance Co. v. Hall*, 1 Kan. Ap. 43, 41 Pac. 69.) Neither did their special appearance bring them into court for any other purpose than to object to the jurisdiction of the Butler district court.

The district court, having sustained defendants' motions to quash the service of summonses, was without jurisdiction to proceed further in the matter.

In view of our conclusion that the service was void, the motions to quash were properly sustained, and the judgment is affirmed.