HAROLD R. GROAT, *Appellant*, v. SHALLOW WATER REFINING COMPANY, a Corporation, *Appellee*.

No. 38,701

RICHARD SHEEN, *Appellant*, v. SHALLOW WATER REFINING COMPANY, a Corporation, *Appellee*.

(245 P. 2d 1208)

Opinion filed July 3, 1952.

*David Prager,* of Topeka, argued the cause, and *Edward Rooney, Jacob A. Dickinson* and *Sam A. Crow,* all of Topeka, and *Nuss & Nuss,* of Great Bend, were with him on the briefs for the appellants.

*Jerry M. Ward,* of Great Bend, argued the cause, and *S. R. Blackburn, Tudor W. Hampton* and *Ed R. Moses,* all of Great Bend, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: The questions in these consolidated cases are identical and will be treated as one. The appeal is from an order quashing and setting aside service of summons upon defendant, a foreign corporation, authorized to do and carrying on business in this state, in an action to recover damages for personal injuries sustained by plaintiff as a result of an automobile accident caused by the alleged negligence of defendant.

The question is whether, under the facts existing, a resident of Kansas may sue a foreign corporation in the county of plaintiff's residence and obtain valid service of process upon such defendant by having the summons served upon the resident agent of defendant at his place of residence in another county in the state.

The facts, which are simple and undisputed, are as follows:

Plaintiff is a resident of Barton county. Defendant is a Missouri corporation duly authorized to carry on the oil business in Kansas. It maintains an oil-loading dock at a point about 12.5 miles west of Ness City, in Ness county. Plaintiff was a passenger in an automobile being driven in that vicinity when it went out of control as the result of the presence of crude oil negligently allowed to remain on the highway by defendant. He sustained severe personal injuries as the result of the accident, but for our purposes the questions of negligence, proximate cause, and plaintiff's injuries are immaterial.

The action was filed in Barton county and the praecipe for summons called for the issuance of a summons directed to the sheriff of Finney county for service upon one Brown, the resident agent of defendant and who resided in Finney county. Personal service of summons upon him in Finney county was made by the sheriff of that county, as directed. Brown was the executive vice-president, general manager and resident agent of defendant.

In a special appearance defendant corporation filed a motion to quash, vacate and set aside the pretended summons and the pretended service thereof on the grounds (1) that no valid issuance

of summons had been had; (2) that no valid service of summons had been had; (3) that there had been no valid service of summons upon defendant or upon anyone connected with defendant upon whom, by law, service was authorized; (4) that the action was improperly instituted in Barton county because no service of summons had been had upon defendant in that county; (5) that the pretended summons and pretended service thereof were void and of no effect and that the court had obtained no jurisdiction thereby over defendant; and (6) that defendant, being a foreign corporation and having its principal place of business outside the state, no basis exists or had existed since the filing of the action for the pretended issuance and pretended service of summons herein, in Barton county.

This motion was sustained and the summons and service thereof were quashed, vacated, set aside and held for naught.

It is that order from which plaintiff appeals.

A decision on the question before us requires an examination of the venue and service of process statutes.

All references will be to General Statutes of 1949 unless otherwise indicated.

Sections 60-501 and 60-502 have reference to actions concerning realty—obviously inapplicable here.

Section 60-503 refers to specific actions which must be brought in the county in which the cause of action, or some part thereof, arose, none of which is applicable. The same is true of sections 60-504, 60-505 and 60-506, which have to do with actions against domestic corporations, actions against common carriers or transmission companies, and actions against railway corporations, respectively.

Section 60-507 provides:

"An action, other than one of those mentioned in the first three sections of this article, against a nonresident of this state or a foreign corporation, may be brought in any county in which there may be property of, or debts owing to, said defendant, or where said defendant may be found; but if said defendant be a foreign insurance company, the action may be brought in any county where the cause, or some part thereof, arose."

Section 60-508 pertains to actions for divorce, for annulment, or for alimony.

Section 60-509 provides:

"Every other action must be brought in the county in which the defendant or some one of the defendants reside or may be summoned."

Other sections of chapter 60, article 5, relate to matters having no application here and will not be mentioned.

Neither 60-507 nor 60-509 provides for venue being laid solely on the basis of a plaintiff's residence. It is neither alleged nor argued that defendant corporation owned any property, or had any debts owing to it, in Barton county, or that it or any of its officers, agents or employees, upon whom service of process could be made, may be found in that county. In fact, the praecipe for summons asked that it be directed to the sheriff of Finney county for service on the resident agent of defendant, who lived in that county. There is no showing whatever that anyone connected with defendant resided in or could be served in Barton county.

Under such facts it therefore follows that venue could not properly be laid in Barton county under any of the foregoing statutes.

However, plaintiff contends that under the provisions of 17-504 he had the right to bring his action in Barton county and to obtain service by any of the methods prescribed by those sections of the code relating to service of process. 17-504 provides:

"An action against a corporation organized under the laws of any other state, territory, or foreign country, and doing business in this state, may be brought in the county where the cause of action arose or in which the plaintiff may reside. The summons shall be directed to the secretary of state, and shall require the defendant to answer by a certain day, not less than forty days nor more than sixty days from its date. Said summons shall be forthwith forwarded by the clerk of the court to the secretary of state, who shall immediately forward a copy thereof to the secretary of the corporation sued; and thereupon the secretary of state shall make return of said summons to the court whence it issued, showing the date of its receipt by him, the date of forwarding such copy, the name and address of the person to whom he forwarded said copy, and the costs for service and return thereof, which in each case shall be two dollars and fifty cents. Such return shall be under his hand and seal of office, and shall have the same force and effect as a due and sufficient return made by the sheriff on process directed to him. The secretary of state shall keep a suitable record book, in which he shall docket every action commenced against a foreign corporation as aforesaid. This record shall show the court in which the suit is brought, the title of the case, the time when commenced, the date and manner of service, and the date of payment of the fee taxed as costs in the case."

Defendant concedes that under this statute plaintiff, by virtue of his residence in Barton county, had the right to bring the action in that county, but contends that having taken advantage of such provision he was bound to follow the remaining portion of the statute providing for service of process through the secretary of state.

Before answering specifically these respective contentions reference is made to those code provisions relating to service of process upon corporations, including foreign corporations.

Section 60-2518 provides:

"A summons against a corporation may be served upon the president, resident agent, mayor, chairman of the board of directors, or trustees, or other chief officer; or, if its chief officer is not found in the county, upon its cashier, treasurer, secretary, clerk or managing agent; or if none of the aforesaid officers can be found, by a copy left at the office or usual place of business of such corporation, with the person having charge thereof, or by the delivery of a copy at the registered office of the corporation, or to the registered agent of the corporation."

Sections 60-2519, 60-2520, 60-2521, 60-2522 and 60-2523 have no application to the question before us. Defendant is not one of those corporations referred to in those sections, and furthermore it maintained an office and place of business and had a resident agent within the state.

Section 60-2524 provides:

"Where the defendant is a foreign corporation, having a managing agent in this state, the service may be upon such agent."

Plaintiff argues that the method of obtaining service through the secretary of state, as provided by 17-504, is not exclusive, citing *Betterment Co. v. Reeves,* 73 Kan. 107, 84 Pac. 560, 4 L. R. A. (N. S.) 460, and other authorities, to the effect that statutes providing for service on foreign corporations by serving some designated person within the state are cumulative and supplementary to other methods, and are not exclusive. In other words, he contends that as venue was properly laid in Barton county (the county of his residence), under 17-504, he is at liberty to obtain service on defendant by any of the statutory methods (60-2518 and 60-2524, *supra*), and is not limited to the procedure provided by that section for service through the secretary of state.

Under the facts before us we think plaintiff's contention is not good.

*Betterment Co. v. Reeves,* supra, was an action for personal injuries sustained through the alleged negligence of defendant foreign corporation. The cause of action arose in Neosho county and suit was filed in that county. Service of summons was made in Neosho county on the managing agent of defendant. Just as in the instant case, defendant moved to quash the service of summons and contended there was but one way by which service could be had on a

foreign corporation authorized to do business in Kansas, and that was by having the summons directed and delivered to the secretary of state, as provided by section 1262, General Statutes of 1901. (That section, so far as here pertinent, is identical to 17-504, *supra.*)

This court, in approving the service on the managing agent of defendant, held:

"The various methods provided by statute for obtaining service of process on foreign corporations are cumulative." (Syl. 3.)

and in the opinion said:

". . . The defendant is a foreign corporation, and service of process may be had on such persons in any of the ways provided by statute. It might have been had, as contended by the defendant, by delivering the summons to the secretary of state; but this is not the only way. Service might possibly have been made in this particular case by delivering the summons to any of its officers residing in the state, under section 4483 of the General Statutes of 1901. Section 4504 provides an additional way. None of these provisions is exclusive of the others. Where there are several methods for obtaining such service the plaintiff may select any one. The corporation cannot complain that he did not select some other equally good way. Statutes which provide for service of process on foreign corporations should be liberally construed for the accomplishment of the purpose intended, namely, that of bringing such persons into court. They are permitted to enter the state by comity only, and in the methods of subjecting them to the jurisdiction of the courts they cannot insist upon a technical or strict construction in their favor. If, therefore, the nonresident defendant corporation had a managing agent in the county of Neosho, where the action was brought, service could have been had on the corporation by serving the summons on such managing agent in that county." (pp. 113 and 114.)

In passing, it should be noted that sections 4483 and 4504 of the General Statutes of 1901 are identical to 60-507 and 60-2524, *supra,* respectively.

We agree with what was said in the above case, but think it is of no help to plaintiff for the reason the facts are readily distinguishable from those of the instant case. There the action was properly brought in Neosho county, where the cause of action arose, just as here it was properly brought in Barton county, where plaintiff resided. But, there, service was had upon defendant's managing agent, *within* the county. Here, service was had upon defendant's agent, *outside* the county. There were no codefendants upon whom service was had in Barton county, consequently, 60-2502, which provides that where an action is rightly brought in any county a summons shall be issued to any other county against any one or more of the defendants, does not apply.

What is meant by the rule that the various methods provided by statute for obtaining service of process on foreign corporations are cumulative is that they are in addition to, and not exclusive. As applied to the facts before us, the rule simply means this: Under 60-507 and 60-509, *supra,* venue in Barton county was improper, absent allegations and showing that defendant owned property, or had debts owing to it, in that county, or that it could be found or summoned there. 60-2518 and 60-2524, *supra,* relied upon by plaintiff, merely designate those persons upon whom service of process may be had, but we think those sections clearly presuppose venue first being properly laid. In other words, here the plaintiff, under 17-504, *supra,* properly brought his action in Barton county. If he could have obtained service *in that county* upon any of those persons designated in 60-2518 or 60-2524 it would have been proper to do so and he would not have been limited to the method prescribed by 17-504—that is, through the secretary of state. By the same token he could have brought the action in the county where the cause of action arose (also permitted under 17-504), and service *in that county* on any of those designated by 60-2518 or 60-2524 would have been good. Under such circumstances those methods would be cumulative—that is, in addition to the method provided through the secretary of state.

Counsel for both sides call our attention to what was said in the recent case of *Butler County Comm'rs v. Black, Sivalls & Bryson, Inc.,* 169 Kan. 225, 217 P. 2d 1070. We think it is not in point. There a summons for a foreign corporation, which was directed to the secretary of state, was held to be defective because it did not require the defendant to answer by a certain day not less than forty nor more than sixty days from its date, as provided by 17-504. We have no such question here.

Plaintiff also refers us to 17-510, which provides that:

"The method of obtaining service as in this act provided shall not be deemed to invalidate or prohibit any other method of obtaining service of process on any foreign corporation under any other provision of the statutes of the state of Kansas, but shall be deemed cumulative."

Aside from the fact that this section obviously refers to 17-509 (both of which appear as chapter 50 of the Laws of Special Session, 1933), which concerns venue and service of process in actions against foreign corporations which have failed to comply with state laws, the section (17-510) in no way affects the fundamental rule heretofore discussed.

Neither do we find anything in 60-2533 or 60-2538 (relating to process service agents) which is helpful to plaintiff.

In conclusion, our holding is this: Under the facts alleged and the showing made this action was maintainable in Barton county only under and by virtue of 17-504. Service of process *in that county* was not, and apparently could not be, had on any of those persons designated by 60-2518 or 60-2524. Under those circumstances, therefore, the only method of service was through the secretary of state, as provided by 17-504. Plaintiff failed to obtain service in that manner. None has been cited, and we know of no statute authorizing service of process, under such a state of facts, as was here undertaken.

The ruling of the lower court quashing and setting aside the purported service of summons in each case is therefore affirmed.