No. 39,360

THE KAW VALLEY PRODUCE COMPANY, INC., A Corporation, *Appellant*, v. RAILWAYS ICE & SERVICE COMPANY, A Corporation, and RAILWAYS ICE COMPANY, A Corporation, *Appellees*.

(269 P. 2d 1028)

Opinion filed May 8, 1954.

*David H. Fisher*, of Topeka, argued the cause for the appellant.

*Melvin R. Quinlan*, of Topeka, argued the cause, and *John S. Dean, Jr.*, of Topeka, was with him on the brief for appellee Railways Ice Company.

*Harry W. Colmery, James E. Smith*, and *E. Edward Johnson*, all of Topeka, were on the brief for appellee Railways Ice & Service Company.

The opinion of the court was delivered by

THIELE, J.: The question in this appeal is whether the trial court erred in quashing service of process.

Briefly stated the plaintiff alleged in its petition that it is a corporation organized under the laws of the state of Kansas with its principal place of business in Topeka, and that each of the defendant corporations is a corporation organized under the laws of another state setting forth its principal office in the other state and that each was duly authorized to do business in the state of Kansas and by virtue of G. S. 1949, 17-501 had filed its written consent with

the secretary of state for the state of Kansas that service of process could be had on the secretary of state, and that each defendant corporation had a place of business in Topeka; that the defendants maintained cold storage plants and that plaintiff had stored certain food products therein and through alleged negligence of the defendants set out in detail in the petition plaintiff's products were destroyed for which it sought damages.

As the situation with reference to each defendant is the same, we shall hereafter refer to them as one defendant in stating the facts.

Shortly after the petition was filed plaintiff filed a praecipe directing the clerk of the court to issue summons against the defendant by serving the secretary of state, directed to the sheriff of Shawnee county and returnable according to law. Thereafter a summons was issued directed to the sheriff of Shawnee county commanding him to notify the defendant by serving the secretary of state that it had been sued by the plaintiff and unless it answered by a stated date the petition would be taken as true and judgment rendered accordingly. Within time the sheriff filed his return showing receipt of the summons and a $2.50 check and served the same by delivering a true and certified copy of the summons and $2.50 check "to the within named (defendant) by serving Paul R. Shanahan, Secretary of State, State of Kansas, personally" on a stated date.

The record also discloses that on the same date the above summons was issued, a second summons of identical form was issued. Just how the secretary of state received the summons is not disclosed, but shortly thereafter he made a return thereon showing that he served it by forwarding a true copy by registered mail to the secretary of the corporation (at the address of each corporation alleged in the petition to be the principal office of the defendant corporation).

After returns of the summonses each defendant filed identical motions that the court quash the pretended service of summons for four reasons: (1) The summons was not directed to the secretary of state; (2) the summons was not forthwith forwarded by the clerk of the court to the secretary of state; (3) the secretary of state was not authorized to serve summons on the defendant nor to make return of service thereof on the defendant; and (4) the sheriff of Shawnee county was not authorized to procure service of summons on the defendant by serving the secretary of state nor to make return of service thereof on the defendant.

The trial court heard the motions to quash and sustained them generally, the journal entry not disclosing that reliance was placed on any particular ground urged. In due time the plaintiff perfected its appeal.

By reason of the facts disclosed by the record, it seems advisable to limit our consideration of the grounds of the motions to this extent. As to ground 1, it is true that neither summons was *directed* to the secretary of state. As to ground 2, the record does not disclose how the second summonses above mentioned reached the secretary of state—in any event they were not *directed* to him and without discussion it may be said the secretary of state was not authorized to serve or make return of a summons not directed to him. We therefore shall discuss only the fourth ground that the sheriff was not authorized to serve summonses upon the defendants by serving the secretary of state, nor to make return of service.

Both appellant and appellees recognize, and do not contend otherwise, that the rule recently stated in *Freeman v. Keltner,* 175 Kan. 37, syl. No. 8, 259 P. 2d 228, is that the various methods for service of process on a foreign corporation are cumulative and the plaintiff may select any one of them. See, also, G. S. 1949, 17-510 to the same effect. In a summary way, it may be said that appellant contends the service in the instant case was sufficient under G. S. 1953 Supp., 17-501, while appellees contend that service was attempted under G. S. 1949, 17-504, and did not comply with the requirements of that section. Although we have had numerous appeals pertaining to sufficiency of service of process against a foreign corporation authorized to do business in this state, no decision of this court is called to our attention nor does our research disclose any where the precise point here involved has been considered. In view of the issue it is not necessary that we discuss at any length the provisions of the code of civil procedure with reference to service of process for generally speaking such provisions are not in question here. In the interest of brevity, we shall refer to the above mentioned statutes and others to be found in the General Statutes of 1949 only by chapter and section number.

Insofar as pertinent here it is provided by 17-501 that:

"Any corporation organized under the laws of any other state . . . seeking to do business in this state, shall make application to the state charter board . . . Such application shall set forth: . . . (8) The written consent of the corporation, irrevocable, that actions may be commenced against it in the proper court of any county in this state in which a cause of action

may arise or in which the plaintiff may reside *by the service of process on the secretary of state,* and stipulating and agreeing that such service shall be taken and held, in all courts, to be as valid and binding as if due service had been made upon the president and secretary of the corporation . . ." (Emphasis supplied.)

Insofar as pertinent here it is provided by 17-504 that:

"An action against a corporation organized under the laws of any other state . . . and doing business in this state, may be brought in the county where the cause of action arose or in which the plaintiff may reside. *The summons shall be directed to the secretary of state* . . . Said summons shall be forthwith forwarded by the clerk of the court to the secretary of state, who shall immediately forward a copy thereof to the secretary of the corporation sued; and thereupon the secretary of state shall make return of said summons to the court whence it issued, showing the date of its receipt by him, the date of forwarding such copy, the name and address of the person to whom he forwarded said copy, and *the costs for service and return thereof, which in each case shall be two dollars and fifty cents.* Such return shall be under his hand and seal of office, and shall have the same force and effect as a due and sufficient return made by the sheriff on process directed to him . . ." (Emphasis supplied.)

For the reason the check for $2.50 is later made a part of appellees' contention we note that under 17-221 treating generally with capitalization and other fees of corporations it is provided in subdivision (6) that:

". . . When an action is brought in any court of this state against a foreign corporation doing business in this state, *the plaintiff in the action shall deposit with the clerk of such court a fee of two dollars and fifty cents to be taxed as costs in the case and called the service of process fee, which fee shall be sent to the secretary of state* by the clerk of such court along with summons in such case." (Emphasis supplied.)

A mere reading of the petition discloses that the residence of the plaintiff is in Shawnee county and that the cause of action arose in that county and that each of the defendant corporations is a corporation organized under the laws of another state and authorized to do business in this state and therefore each is within the purview of both 17-501 and 17-504. The petition further discloses that each defendant corporation gave written consent that an action might be commenced against it in a proper court by the service of process on the secretary of state, such service to be as valid and binding as if due service had been made upon its president and secretary, and in this aspect, the situation is within the purview of 17-501.

So far as pertinent to the question before us is concerned the

essential difference in the two sections is that under 17-501 the corporation consents that in an action against it service of process may be had on the secretary of state, without doubt referring to a summons directed to the sheriff of the county in which the action is commenced and of the kind referred to in 60-2501, while under 17-504 the summons is directed to the secretary of state to be served by him in the manner provided. The two methods are different and one does not supplement the other—one or the other, but not both, may be followed. In other words, they are cumulative methods.

Appellees argue that appellant did not attempt to invoke the method of service provided by 17-501, but did invoke that provided by 17-504, and contend that this becomes apparent when it is noted that a check in the amount of $2.50 was delivered to the secretary of state as required by 17-504. We cannot agree. The praecipe for summons requested issuance of a summons, against the defendants (appellees) by *serving the secretary of state, directed to the sheriff* of Shawnee County, a request in accord with 17-501 and not in accord with 17-504. Such a summons was issued and was so served as the sheriff's return shows. The fact that a check for $2.50 accompanied the summons cannot be interpreted as an election to proceed under 17-504 for by reason of 17-221 quoted above such a fee must be deposited with the clerk of court and sent to the secretary of state with the summons in such case.

The parties direct our attention to various cases treating sufficiency of summons or the service thereof in instances where the factual situation is not comparable to that under discussion. These cases have been examined but will not be discussed. The appellant, however, places its main reliance on *Freeman v. Keltner,* supra, while appellees place their reliance on *Butler County Comm'rs v. Black, Sivalls & Bryson, Inc.,* 169 Kan. 225, 217 P. 2d 1070. In each of the above cases the plaintiff did not seek to obtain service under 17-501, that statute is not mentioned, and in that aspect it may hardly be said either opinion controls the question before us.

In our opinion the Keltner case is not decisive here. While there is some reference in the opinion to service of summons on a foreign corporation and it is held that the various statutory methods for obtaining service are cumulative, the question was whether the service had was upon a "managing agent" of a defendant corporation under G. S. 1949, 60-2524. The opinion does not refer to the sections under consideration here.

In the Black case the question for decision was the sufficiency of the summons issued, and no question was raised that the plaintiff was proceeding under any section other than 17-504. It is true it was said in the opinion that jurisdiction over the person of the defendant can be acquired only by the issuance of process in the manner prescribed by the statute or by voluntary appearance and this statutory method is exclusive of any other method, but that language is not to be read apart from the whole context of the opinion and as though the service may be obtained only under 17-504. To so read that opinion is to ignore the provisions of 17-510 and our many decisions to the effect that methods of service upon a foreign corporation are cumulative. See the short analysis of the last mentioned opinion made in *Groat v. Shallow Water Refining Co.*, 173 Kan. 346, 352, 245 P. 2d 1208.

In *Betterment Co. v. Reeves*, 73 Kan. 107, 114, 84 Pac. 560, it was said that: "Statutes which provide for service of process on foreign corporations should be liberally construed for the accomplishment of the purpose intended, namely, that of bringing such persons into court. They are permitted to enter the state by comity only, and in the methods of subjecting them to the jurisdiction of the courts they cannot insist upon a technical or strict construction in their favor." In *Freeman v. Keltner*, supra, the above was quoted approvingly.

In the case before us each of the appellee corporations has filed written consents that actions could be commenced against it by service of process on the secretary of state. A *résumé* of the record discloses that the first summonses above were issued in accordance with the only praecipes filed, were directed to the sheriff of Shawnee county for the appellee defendants by serving the secretary of state and were properly returned by the sheriff showing such service, all in accord with 17-501, and that the second summonses were not issued in accordance with the only praecipes filed, were not directed to the secretary of state who attempted to serve them in the manner stated in his return and in form provided by 17-504 and in legal effect were nullities.

In our judgment the first summonses were sufficient in law and the appellee defendants were properly served with process, and the trial court was in error in sustaining the motions of the appellee defendants to quash such service of process. Its rulings and judgments are reversed and set aside and the cause remanded with instructions to deny the motions.