No. 45,700

LAND MANUFACTURING, INC., Plaintiff, *Appellee,* v. THE HIGHLAND PARK STATE BANK and PLASTICS OF SAN ANTONIO, INC., Defendants, THE CHASE MANHATTAN BANK, Garnishee-Defendant, *Appellant.*

(470 P. 2d 782)

Opinion filed June 13, 1970.

*Glenn D. Young, Jr.,* of Lilleston, Spradling, Gott, Stallwitz & Hope, of Wichita, argued the cause and was on the brief for appellant.

*Richard H. Rumsey,* of Wichita, argued the cause and was on the brief for appellee.

This opinion of the court was delivered by

FROMME, J.: The primary question on appeal relates to the sufficiency of process under K. S. A. 60-308 (the long-arm statute) to support a personal judgment against The Chase Manhattan Bank of New York, as garnishee.

The Chase Manhattan Bank is a national banking association organized under the provisions of 12 U. S. C § 21 *et seq.* with its office and principal place of businesss in the city and state of New York. For jurisdictional purposes a national bank is a citizen of the state in which it is established or located. (28 U. S. C. § 1348.) Therefore, as garnishee in this case The Chase Manhattan Bank must be considered a nonresident corporation.

The events leading to the personal judgment against The Chase Manhattan Bank are as follows:

Land Manufacturing, Inc. recovered a default judgment in the district court of Sedgwick county, Kansas, against the original defendants, The Highland Park State Bank and Plastics of San Antonio, Inc. This judgment was entered as a result of a breach of a contract which obligated the two principal defendants.

A year after the judgment was entered garnishment procedings were instituted against The Chase Manhattan Bank, garnishee, based upon the judgment. Service of process on the garnishee was obtained in the state of New York as provided in K. S. A. 60-308. The order of garnishment directed the garnishee to answer within 20 days from the date of service. The garnishee failed to answer within the time limited. The district court in Sedgwick county entered a personal judgment against this nonresident banking corporation in the amount of $23,856 as garnishee.

Four months later the garnishee appeared specially by its attorneys and moved the Sedgwick district court to vacate this judgment. It contended the court lacked jurisdiction in this case to render a personal judgment against this nonresident garnishee predicated on service outside the state of Kansas under K. S. A. 60-308. In support of said motion the garnishee filed an affidavit by James P. Power, assistant staff counsel of the garnishee bank. Service was originally made on Mr. Power in New York. His affidavit states:

"That The Chase Manhattan Bank did not transact any business within the State of Kansas which in any way relates to the cause of action between said plaintiff and principal defendants, The Highland Park State Bank and Plastics of San Antonio, Inc., in said litigation nor did said cause of action between said plaintiff and said principal defendants arise from the doing of any acts by The Chase Manhattan Bank."

No affidavit was filed or evidence introduced by appellee.

During oral argument on the motion it was disclosed The Highland Park State Bank of San Antonio, Texas, one of the original judgment debtors, had on deposit in The Chase Manhattan Bank in New York the sum of $17,428.88. (The judgment was lowered to that amount.) The appellee argued generally that The Chase Manhattan Bank had representatives designated to handle its affairs in Kansas and that it was engaged in the banking business through its corresponding banks. During the colloquy between court and counsel the court stated that in its opinion The Chase Manhattan Bank was transacting business in the state when it was served with the garnishment and that it would so hold. Counsel for the garnishee-bank responded to the court's statement by saying that he couldn't argue with the court's statement.

The appellee argues this response of counsel for the garnishee-bank constitutes an admission against interest which has the effect of waiving the garnishee-bank's right to question jurisdiction. We cannot agree. The bank filed no pleading in the case except the motion attacking the jurisdiction of the court. The sufficiency and effect of service of process under K. S. A. 60-308 depends upon more than a general admission of transacting business. The provisions of that statute will be examined later.

In order to determine the sufficiency of the service in this case it is necessary to understand the nature and purpose of attachment and garnishment proceedings in general.

A proceeding in garnishment is a means of attachment by which the moneys, credits or effects of a debtor may be reached in the hands of another person. Garnishment is either (1) a form of or an aid to attachment, or (2) in lieu of or in aid of execution. (K. S. A. 60-714.) A basis for jurisdiction in attachments and garnishments may arise from the location of the moneys, credits or effects within the jurisdiction of the court. In such case service of process may be by constructive service as provided in K. S. A. 1969 Supp. 60-307 (a) (2) to-wit:

"(a) When permissible. Service may be made either by mail where the address is known, or by publication in any of the following cases:

.    .    .    .    .    .    .    .    .    .    .    .    .    .

"(2) In actions brought against a nonresident of the state or a foreign corporation having in this state property or debts owing to him sought to be taken by any of provisional remedies or to be appropriated in any way." (Emphasis supplied.)

See also *Searing v. Benton*, 41 Kan. 758, 21 Pac. 800; *Freeman v. Keltner*, 175 Kan. 37, 259 P. 2d 228; *Standard Steel Works v. Crutcher-Rolfs-Cummings, Inc.*, 176 Kan. 121, 269 P. 2d 402 and *Cadwallader v. Lehman*, 202 Kan. 738, 451 P. 2d 163.

Methods of serving process on foreign corporations are generally cumulative. (*Kaw Valley Produce Co. v. Railways Ice & Service Co.*, 176 Kan. 312, 269 P. 2d 1038.) If the tangible property attached or garnished is located within this state other methods of constructive service such as K. S. A. 60-308 may be employed to notify the owner or holder thereof. (*Cadwallader v. Lehman*, supra.) However, in the present case the monies or credits were not located or attached in Kansas.

A second basis for obtaining jurisdiction to reach monies, credits or debts owing to a judgment-debtor may arise from personal service of process on the garnishee within the state. The court

thereby acquires jurisdiction over him and can garnish the debt due from him to the debtor of the plaintiff and condemn it. Situs of the debt is of little importance in such case. (*Harris v. Balk,* 198 U. S. 215, 49 L. Ed. 1023, 25 S. Ct. 625; 38 C. J. S. Garnishment § 125.)

The foregoing rules governing attachment and garnishment proceedings are summarized in 6 Am. Jur. 2d, Attachment and Garnishment § 19, p. 574 as follows:

"It is a fundamental rule, at least with respect to tangible property, that in attachment or garnishment proceedings the res must be within the jurisdiction of the court issuing the process, either actually or constructively. Property outside the state cannot be attached or garnished, even though the court has personal jurisdiction over the garnishee. In the case of foreign attachment or garnishment proceedings against a nonresident defendant, the existence of property within the jurisdiction of the court is essential. However, as a general rule, a credit owed to a nonresident may be reached by garnishment if personal service can be made upon the garnishee, and where the property of a nonresident is within the jurisdiction of the court it is subject to attachment or garnishment."

With these basic principles in mind we turn to the question presented in the present case.

No tangible property was located or attached in Kansas in this case. Therefore, the validity of the personal judgment against this nonresident garnishee must depend upon whether service upon The Chase Manhattan Bank had the force and effect of personal service of summons upon it within the state of Kansas.

K. S. A. 60-308 in pertinent part provides:

"(*a*) *Proof and effect.* (1) Personal service of summons may be made upon any party outside the state. If upon a person domiciled in this state or upon a person who has submitted to the jurisdiction of the courts of this state, it shall have the force and effect of personal service of summons within this state; otherwise it shall have the force and effect of service by publication.

. . . . . . . . . . . . .

"(*b*) *Submitting to jurisdiction—process.* Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:

"(1) The transaction of any business within this state;

. . . . . . . . . . . .

"Service of process upon any person who is subject to the jurisdiction of the courts of this state, as provided in this subsection (*b*) of this section, may be made by personally serving the summons upon the defendant outside this state, as provided in subsection (*a*) of this section, with the same force and effect as

though summons had been personally served within this state, but only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him is based upon this paragraph." (Emphasis supplied.)

We have previously considered this statute in *Woodring v. Hall*, 200 Kan. 597, 438 P. 2d 135; *Tilley v. Keller Truck & Implement Corp.*, 200 Kan. 641, 438 P. 2d 128 and in *White v. Goldthwaite*, 204 Kan. 83, 460 P. 2d 578.

In *White v. Goldthwaite*, supra, we said:

"Three basic factors must coincide if jurisdiction is to be entertained over a nonresident on the basis of transaction of business within the state. These are (1) the nonresident must purposefully do some act or consumate some transaction in the forum state; (2) the claim for relief must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, considering being given to the quality, nature and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation." (Syl. ¶ 3.)

The second basic factor listed in *White*, and clearly specified in K. S. A. 60-308, should be noted. If process under K. S. A. 60-308 (*b*) (1) is to have the effect of personal service the claim for relief must arise from, or be connected with, the act or transaction by which the nonresident submitted to the jurisdiction of the court.

Assuming The Chase Manhattan Bank was transacting business in Kansas through corresponding banks there was no showing in this case that the claim for relief arose from such transaction of business with corresponding banks. On the contrary the journal entry of judgment in the original case indicates the action arose from a contract between the other parties. The Chase Manhattan Bank had nothing to do with the obligations imposed by that contract. The affidavit of Mr. Power submitted in support of the motion to vacate remains uncontroverted.

A party invoking the jurisdiction of a particular court for a particular remedy has the burden of proving the existence of that jurisdiction. (*White v. Goldthwaite*, supra.) This the appellee failed to do. There was no attempt by the appellee to establish that the claim for relief arose from any transaction of business by the garnishee within this state. The personal judgment against the garnishee based upon service under K. S. A. 60-308 must be vacated and set aside. Such service had only the effect of service by publi-

cation and will not support a personal judgment against this nonresident garnishee.

The appellee contends that the holding set out above will eliminate all garnishment proceedings against nonresident garnishees and seriously restrict the jurisdiction of our courts. We do not agree.

Our process statutes relating to personal service upon nonresident corporations are in no way affected by our construction of K. S. A. 60-308 in this case. Personal service of process may be served on a foreign corporation by service on the registered agent of such corporation. Whenever any foreign corporation authorized to transact business or transacting business without authority in this state shall fail to appoint or maintain in this state a registered agent upon whom service of legal process may be had then the secretary of state may accept process as the agent of such foreign corporation. [K. S. A. 1969 Supp. 60-304 (f).]

Our statute, K. S. A. 17-506, sets forth what constitutes doing business within the state.

K. S. A. 17-504 provides for the venue of actions against foreign corporations doing business within the state and sets forth an additional method of obtaining personal service of process on foreign corporations.

The cases cited by appellee in which foreign corporations have been subjected to the process of garnishment in the past were decided long before K. S. A. 60-308 was enacted into law. Service of process was effected in those cases under the "doing business statute" which is now K. S. A. 17-504 or under former statutes similar to K. S. A. 1969 Supp. 60-304 (f). Those statutes continue to be available for personal service of garnishment process on foreign corporations transacting business or doing business within the state.

Other points raised by appellant are not determinative of this appeal and need not be discussed.

The garnishee, The Chase Manhattan Bank, is discharged and the judgment against it is reversed.

FATZER, J., concurs in the result.