**MISCO LEASING, INC., Plaintiff-Appellant,**

v.

**James H. VAUGHN et al., Defendants-Appellee.**

**No. 71–1142.**

United States Court of Appeals, Tenth Circuit.

Oct. 26, 1971.

Richard W. Stavely, Wichita, Kan., for plaintiff-appellant.

Timothy E. McKee, Wichita, Kan. (Jochems, Sargent & Blaes, Wichita, Kan., on the brief), for defendants-appellee.

Before LEWIS, Chief Judge, and HOLLOWAY and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

■ The question presented is whether Kansas process under its long arm statute is valid against an Oklahoma resident who executed a guaranty of payment contract in Oklahoma in connection with payments which were to have been made by an Oklahoma lessee of equipment leased by a Kansas lessor.

The complaint was filed by plaintiff-appellant, Misco Leasing, Inc.[1], on December 6, 1967. It sought judgment against the named defendants herein, the two Vaughns and Keller, upon their written guaranty of rental payments under a separate lease for three ice machines. Mr. Ice, Inc., an Oklahoma concern, was the intermediary in placing the business with Oklahoma Resorts, Inc., which was the lessee. Defendant Keller and the Vaughns were shareholders of Mr. Ice, Inc. Because of this connection they guaranteed the payments. The allegation in the complaint was that both the lease agreement and the written guaranty connected with it were made and delivered within Kansas and were Kansas contracts and, thus, that valid personal service could be made on the defendants under the Kansas long arm statute on the basis that they had transacted business within Kansas.

The service on the defendant-appellee, Keller, was in Oklahoma City on December 20, 1967, by a deputy U.S. Marshal. Keller did not file any responsive pleading, and so on February 1, 1968, judgment was entered against him for the full amount of the demand. Subsequently, an effort was made to execute on the judgment in Oklahoma and supplemental proceedings were carried out there. Keller appeared in the Oklahoma court and conceded that he had signed the guaranty and had offered to settle the obligation. Finally, on August 5, 1970, Keller filed the present motion to vacate the judgment for lack of personal jurisdiction. This motion was granted on November 3, 1970.

The lease agreement called for delivery of three ice vending machines to Oklahoma Resorts, Inc. of Checotah, Oklahoma. Rental payments were to be

made under this lease by Oklahoma Resorts directly to plaintiff, Misco, in Wichita and the lease was by its terms to be governed by the law of Kansas. The lease was signed by Oklahoma Resorts on July 6, 1966, in Oklahoma. The trial court found that it was "executed and accepted in the state of Oklahoma by the lessee, Oklahoma Resorts, Inc." The guaranty agreement was signed in Oklahoma City, but stated on its face that it was dated at Wichita, Kansas.

The trial court found that the plaintiff prepared the guaranty agreement in its office in Wichita and forwarded the same to a Mr. Hugh Farr in Oklahoma City with instructions that he obtain the signatures of the guarantors. Farr went to the office of Mr. Ice, Inc. and obtained the signatures in accordance with his instructions. Appellant considers Farr an independent contractor authorized only to solicit and submit proposals to Misco. The trial court found that while Farr was not an employee of plaintiff he nevertheless acted for the plaintiff's predecessor and that he was not the agent of appellee, Keller, and also found that Keller was never present in Kansas in connection with the guaranty in suit. The court gave little weight to the fact that the guaranty stated that it was executed by the guarantors in Kansas since they had actually signed it in Oklahoma City.

The trial court concluded that defendant had not been shown to have transacted any business in Kansas within the meaning of Rule 4(e), Federal Rules of Civil Procedure as applied to the Kansas long arm statute, K.S.A. § 60–308,[2] and as construed by the Kansas Supreme Court in Woodring v. Hall, 200 Kan. 597, 438 P.2d 135 (1968); Tilley v. Keller Truck & Implement Corp., 200 Kan. 641, 438 P.2d 128 (1968); and White v. Goldthwaite, 204 Kan. 83, 460 P.2d 578 (1969).[3] Criteria for resolving this issue are set forth in *Goldthwaite:*

\* \* \* (1) the nonresident must purposefully do some act or consummate some transaction in the forum state; (2) the claim for relief must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, *and the basic equities of the*

---

2.
\*  \*  \*  \*  \*
(b) Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:
(1) The transaction of any business within this state;
\*  \*  \*  \*  \*
(4) Contracting to insure any person, property or risk located within this state at the time of contracting;
\*  \*  \*  \*  \*

3. In Woodring v. Hall, *supra*, process was served on a Texas resident based upon loans made to him in Kansas by a Kansas resident for the purpose of meeting his expenses at the University of Kansas College of Medicine. In sustaining jurisdiction the Kansas court emphasized the repeated contacts with Kansas.

In *Tilley*, an effort was made to obtain jurisdiction over a Lafayette, Colorado truck dealer following the collapse of a wheel in Kansas. The court held that the defendant had not transacted any business in Kansas justifying assertion of jurisdiction.

White v. Goldthwaite, *supra*, is similar to the case at bar. Here process was served on an Oklahoma resident based upon her agreement to repay a loan by a Kansas resident for the purchase price on a stock option. Defendant had initiated her contacts with the plaintiff at his office in Oklahoma City, notwithstanding that the defendant's agent had gone to Wichita in connection with the payment of a related loan. It was held that the contact was legally insufficient.

*situation.* \* \* \* (Emphasis supplied.) [4]  460 P.2d at 582.

Since Keller had no physical contact with Kansas, and since there was no contact through an agent, jurisdiction is wholly dependent on his execution of the guaranty contract in Oklahoma. This is insufficient basis for holding that he transacted business so as to be subject to the operation of the long arm statute.

The provision that the basic lease was to be governed by Kansas law does not constitute a personal submission to Kansas jurisdiction on the part of Keller.[5] The fact that the lease rentals were payable in Kansas also fails to furnish a contact whereby it can be said that Keller has submitted to the jurisdiction of Kansas.[6]

Appellant advances the following additional points:

1. That the defendant is barred from relief under Federal Rule of Civil Procedure 60(b) (4) because he did not move to vacate the judgment within a reasonable time after its entry.

2. That he ratified the judgment by indicating his desire to settle.

3. That he is barred or estopped from raising jurisdictional defects which the trial court resolved against his codefendants.

As to point 1, it does not appear that the motion under Rule 60(b) must be filed within any particular time limit if the judgment is indeed a nullity due to a complete lack of personal jurisdiction over the defendant. The cases say that a void judgment acquires no validity as the result of laches on the part of the adverse party.[7] We are not asked to consider whether under any particular circumstances a movant under Rule 60(b) may be estopped or precluded from filing such a motion.

We disagree that there was a ratification arising from an effort of the defendant to settle the claim for a percentage of its value. An admission against interest does not serve to confer jurisdiction. See Land Manufacturing, Inc. v. Highland Park State Bank, 205 Kan. 526, 470 P.2d 782, 784 (1970).

Appellant's final point that defendant is barred or estopped because judgments were entered against his codefendants needs slight comment. The short answer is that defendant is not bound by that determination because the facts and circumstances were different and, secondly, he was not before the court.

The judgment is affirmed.

4. In concluding that Keller was not within these criteria the court (Judge Brown) reasoned that:
   "In the instant case, the Court has found that the lease agreement which was guaranteed involved equipment which was delivered and accepted by the lessee in the State of Oklahoma; that the lease agreement itself was delivered, executed and accepted by the lessee in Oklahoma; and that the guaranty agreement in question was delivered, accepted, and executed by Keller in the State of Oklahoma, by and through the solicitation and activities of Hugh Farr, acting for the plaintiff. The Court is unable to find that Keller had any 'substantial connection' with the State of Kansas simply because rental payments under the lease were to be mailed to Kansas, and there is a total absence of any evidence that Keller 'purposely' did any act or consummated any transaction in Kansas which would subject him to jurisdiction under K.S.A. § 60–308."

5. White v. Goldthwaite, *supra*; Agrashell, Inc. v. Bernard Sirotta Company, 344 F.2d 583, 588 (2d Cir. 1965).

6. Fourth Northwestern National Bank of Minneapolis v. Hilson Industries, 264 Minn. 110, 117 N.W.2d 732, 736 (1962); *see also* Conn v. Whitmore, 9 Utah 2d 250, 342 P.2d 871 (1959).

7. Taft v. Donellan Jerome, Inc., 407 F.2d 807, 808 (7th Cir. 1969); Austin v. Smith, 114 U.S.App.D.C. 97, 312 F.2d 337, 343 (D.C.Cir. 1962); Marquette Corporation v. Priester, 234 F.Supp. 799, 802 (E.D.S.C.1964).