**UNITED STATES of America, Appellant,**

v.

**Louis MANTELLO et al.**

**UNITED STATES of America, Appellant,**

v.

**John Constantine COMMINGS et al.**

**Nos. 72–1519 to 72–1521.**

United States Court of Appeals, District of Columbia Circuit.

Argued March 13, 1973.

Decided March 30, 1973.

John J. Robinson, Atty., Dept. of Justice, of the bar of the Supreme Court of Texas, pro hac vice, by special leave of court with whom Harold H. Titus, Jr., U. S. Atty., and Sidney M. Glazer, Atty., Dept. of Justice, were on the brief, for appellant. John A. Terry and Stephen W. Grafman, Asst. U. S. Attys., also entered appearances for appellant.

William A. Borders, Jr., Washington, D. C., for appellee Simkins in No. 72–1520 and also argued for all appellees.

Francis X. Grossi, Jr., Washington, D. C., with whom Vincent J. Fuller, Washington, D. C., was on the brief, for appellees in No. 72–1521 and also argued for all appellees.

H. Clifford Allder, Washington, D. C., was on the brief for appellees Smyrnas, Bellosi and DiNenna.

Lawrence Speiser, Washington, D. C. (appointed by this Court), entered an appearance for appellee Berman and certain other appellees.

Edward Menard, Oxon Hill, Md., entered an appearance for appellee Mantello.

Kurt Berlin and Frank Smith, Washington, D. C., for appellee Henry Johnson.

Before LEVENTHAL and ROBB, Circuit Judges, and WILLIAM J. JAMESON,* Senior United States District Judge for the District of Montana.

PER CURIAM:

This is an interlocutory appeal by the Government from the order of the District Court, dated March 29, 1972, which granted the defendants' motion to suppress four intercepts of telephone conversations. The intercepts followed the issuance of judicial authorizations secured under the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 et seq. However, the District Court held that the evidence received on these intercepts was inadmissible, and subject to motion to suppress because of the failure to comply with 18 U.S.C. § 2516(1) which requires that the decision to seek a judicial "wiretap" order be authorized by "The Attorney General, or any Assistant Attorney General specially designated by the Attorney General . . . ". We affirm.

Despite affidavits to the contrary presented to the United States District Court in support of the application for an order authorizing the intercepts, neither Attorney General Mitchell nor his "designated" deputy Will Wilson personally authorized, or indeed had any knowledge of, three of the four intercepts in question. Instead Mr. Sol Lindenbaum, Executive Assistant to the Attorney General, decided to designate Will Wilson to authorize the wiretaps, and affixed Attorney General Mitchell's signature to that designation. Subsequently, one of two different Deputy Assistant Attorney Generals, either Harold Shapiro or Henry Petersen, affixed Will Wilson's signature to the authorization.

■■■ The Government seeks to support this procedure as a "substantial" compliance with the law, urging e. g., that Mr. Lindenbaum was the "alter ego" of the Attorney General. We cannot agree. The statutory language before us is clear. Only the Attorney General or an Assistant Attorney General designated by the Attorney General is permitted to make the determination of the Executive Branch that it requires intercepts, and to authorize applications to courts for intercept authority. Congress intended to limit the power to authorize the making of applications for wiretaps to these designated individuals, officials who had been nominated to high office and confirmed by the Senate for such office. The Congress deliberately limited the authority of the Attorney General to delegate this responsibility. That limitation on his authority to delegate cannot be circumvented by "alter ego" rationalization.

The legislative history and policy behind this congressional enactment have been extensively reviewed by Judge Sobeloff in United States v. Giordano, 469 F.2d 522 (4th Cir. 1972), and Judge Duniway in United States v. King, 478 F.2d 494 (9th Cir., decided February 28, 1973). Both Circuits suppressed wiretaps on similar facts, and we adopt their results and rationale. To the extent United States v. Pisacano, 450 F.2d 259 (2d Cir. 1972), is to the contrary, we respectfully disagree.

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

■ In the case of the Commings tap, we also affirm the District Court. Al-though Attorney General Mitchell personally designated Will Wilson to authorize the tap, Wilson did not himself do so. The Government has not disputed that the probable cause affidavit submitted in support of the application for the tap relied almost entirely upon evidence seized in the Mantello taps which the District Court held were illegally obtained. This was clearly "fruit of the poisonous tree." *See* Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

Affirmed.

District Judge JAMESON dissents, for the reasons stated in his dissenting opinion in United States v. King, 478 F.2d 494 (9th Cir., decided February 28, 1973).