**Candy THURSTON, et al., Plaintiffs,**

v.

**Leslie F. PAGE, D.O., et al., Defendants.**

**Civ. A. No. 95–2058–GTV.**

United States District Court,
D. Kansas.

July 9, 1996.

---

Michael E. Callen, Boddington & Brown, Chtd., Kansas City, KS, William H. Pickett, Gregory J. Abella, William H. Pickett, P.C., Kansas City, MO, for Candy Thurston, Bobby Thurston, Tyler J. Thurston.

James D. Griffin, B.K. Christopher, Blackwell, Sanders, Matheny, Weary & Lombardi, Overland Park, KS, for Leslie F. Page, D.O.

M. Warren McCamish, Williamson & Cubbison, Kansas City, KS, for Patrick Dunlap, M.D.

Scott K. Logan, M. Bradley Watson, Logan & Logan, L.C., Prairie Village, KS, Brian J. Niceswanger, McDowell, Rice, Smith & Gaar, Kansas City, MO, Cynthia J. Sheppeard, Weathers & Riley, Topeka, KS, for Newman Young Clinic P.A.

Cynthia J. Sheppeard, Ronald D. Heck, Heck, Hendrix & Wright, P.A., Topeka, KS, Kaylene Leiker, Havner & Leiker, Hays, KS, for Mercy Hospitals of Kansas Inc.

Robert P. Numrich, Robert P. Numrich, Evans & Dixon, Kansas City, MO, Martha M. Weast, Evans & Dixon, Leawood, KS, for Barry Galbraith, D.O.

Brian J. Niceswanger, McDowell, Rice, Smith & Gaar, Kansas City, MO, for Robert Nichols, M.D., David Phelps, M.D.

Leigh C. Hudson, Hudson & Mullies, L.L.C., Fort Scott, KS, for Marty Schmidt, M.D.

### MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

This case is before the court on the motion of defendant Barry Galbraith, D.O., for summary judgment (Doc. 112). Plaintiffs have responded and oppose the motion. For the reasons set forth below, the motion is denied.

In this medical malpractice action, plaintiffs Candy Thurston, Bobby Thurston, and Tyler Thurston seek recovery for personal injuries to Candy Thurston and her son, Tyler Thurston. Bobby Thurston is the father of Tyler and is married to Candy. The alleged injuries arise out of the medical care provided to Candy and Tyler during the time surrounding Tyler's birth.

Defendant Galbraith seeks summary judgment and dismissal of the action against him because he contends that plaintiff Candy Thurston's claim is barred by the applicable statute of limitations.

### I. Summary Judgment Standards

In deciding a motion for summary judgment, the court must examine any evidence tending to show triable issues in the light most favorable to the nonmoving party. *Bee v. Greaves*, 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied*, 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985). A moving party is entitled to summary judgment only if the evidence indicates "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be discharged by "showing" that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986).

### II. Factual Background

The following uncontroverted facts are established in accordance with Fed.R.Civ.P. 56 and D.Kan.R. 56.1.[1]

Plaintiffs commenced this action on February 3, 1995. At that time, Dr. Galbraith was not named as a defendant. On March 1, 1995, plaintiffs filed their first amended complaint and added Dr. Galbraith as a defendant in this action.

Plaintiff Candy Thurston alleges that defendant Galbraith provided negligent and improper care and treatment to her on February 28, 1993. Plaintiff testified in her deposition that Dr. Galbraith treated her on the evening of February 28, 1993, at Mercy Hospital in Fort Scott, Kansas. Dr. Galbraith told her that he believed she had a urinary tract infection. Dr. Galbraith sent plaintiff home and advised her to call the doctor if her symptoms progressed. The

next day, plaintiff returned to the hospital and was admitted for treatment of the urinary tract infection. Plaintiff was discharged five days later.

### III. Discussion

Defendant Galbraith contends that plaintiff's claim is time-barred under K.S.A. § 60–513(a)(7). Section 60–513(a)(7) provides that "[a]n action arising out of the rendering of or failure to render professional services by a health care provider" must be brought within two years.

Defendant Galbraith contends that the statute of limitations began to run on February 28, 1993, the date he treated plaintiff, and expired on February 28, 1995. Plaintiff first asserted a claim against Dr. Galbraith on March 1, 1995. Thus, Dr. Galbraith contends that the claim against him is time-barred.

Plaintiff asserts that the claim is not time-barred because the "fact of injury" was not reasonably ascertainable on the day that she received treatment from defendant Galbraith. Plaintiff has submitted her affidavit in opposition to the motion for summary judgment.

K.S.A. § 60–513(c) governs the accrual of a medical malpractice action:

A cause of action arising out of the rendering of or the failure to render professional services by a health care provider shall be deemed to have accrued at the time of the occurrence of the act giving rise to the cause of action, unless the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitations shall not commence until the fact of injury becomes reasonably ascertainable to the injured party, but in no event shall such an action be commenced more than four years beyond the time of the act giving rise to the cause of action.

"Fact of injury" refers to the point in time when plaintiff knew or should have known she had an injury caused by defendant's acts or omissions. *See Gilger v. Lee*

---

1. As described above, this case arises out of the medical care provided to Candy and Tyler Thurston during the time surrounding Tyler's birth. Plaintiffs' complaint contains several counts against a number of physicians and a hospital. The court will limit the facts discussed to those involving plaintiff Candy Thurston's claim against defendant Galbraith.

*Construction, Inc.*, 249 Kan. 307, 322, 820 P.2d 390, 401 (1991):

Defendant's motion rests on the lone assertion that plaintiff's alleged injuries must have accrued on the day that he examined her. Defendant's only support for the motion is a short excerpt from plaintiff's deposition in which she described her visit to Mercy Hospital emergency room on February 28, 1993, and her admission to the hospital the next day. In fact, neither defendant nor plaintiff discusses what specific injuries plaintiff alleges were the result of Dr. Galbraith's examination.

■ D.Kan.Rule 7.1(b) governs the motion practice in this court and permits the parties to file a dispositive motion, a response to the motion, and a reply by the movant. In his reply brief, defendant attempts to raise the issue of whether plaintiff suffered any injury as a result of his treatment of her. Defendant contends that plaintiff is required to come forth with evidence establishing her injury in order to survive the current summary judgment motion. Defendant, however, did not seek summary judgment on the substance of plaintiff's claim. Defendant's motion is confined to the issue of whether the statute of limitations bars the claim. The court will not consider the new argument regarding the substance of plaintiff's claim presented in defendant's reply brief when that issue was not raised in the initial motion for summary judgment. *See Glad v. Thomas County Nat'l Bank,* 1990 WL 171068 (D.Kan. 1990) (court will not consider new arguments and issues presented in a reply brief because plaintiff has not had an opportunity to respond).

■ The court concludes that on the state of the record now before it, the court is unable to determine whether plaintiff's alleged injuries were reasonably ascertainable on the day that Dr. Galbraith treated plaintiff. Defendant has not set forth sufficient uncontroverted facts in support of his motion to enable the court to make such a determination. Defendant's motion is denied.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant Galbraith's motion for summary judgment (Doc. 112) is denied.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**