Fred F. LIEBAU, Jr. and James G. Woodall, Plaintiffs,

v.

COLUMBIA CASUALTY COMPANY, et al., Defendants.

No. 01–1278–JTM.

United States District Court, D. Kansas.

Dec. 20, 2001.

Randall H. Elam, Wichita, KS, for Plaintiffs.

Craig S. O'Dear, Daniel R. Young, Bryan Cave LLP, Kansas City, MO, Roger Sherwood, Sherwood & Harper, Wichita, KS, Lynn S. McCreary, Bryan Cave LLP, Overland, Park, KS, Alexander B. Mitchell, II, Klenda, Mitchell, Austerman & Zuercher, L.L.C., Wichita, KS, for Defendants.

*MEMORANDUM AND ORDER*

MARTEN, District Judge.

This matter comes before the court on plaintiffs' motion to remand this case to the Eighteenth Judicial District, District Court of Sedgwick County, Kansas. The class defendants have filed a separate motion joining in plaintiffs' motion. Defendant Columbia Casualty Company ("Columbia") has responded to both motions and the motions are thus ripe for determination. The court has fully considered the briefs in this matter and denies remand.

## I. Factual Background

Columbia is an Illinois company with a principal place of business in Chicago. Plaintiffs are citizens of Kansas, as are many of the members of the class action defendants. Plaintiffs brought this declaratory judgment action seeking an order adjudging that Columbia is obligated to provide coverage and a defense for claims arising out of various securities transactions in which plaintiffs' holding company, Primeline Financial Group, Inc., was involved. The class defendants are all persons who claim a contingent interest in the proceeds from the liability insurance coverage provided plaintiffs by Columbia. The class defendants each claim to have sustained losses due to plaintiffs' alleged negligence arising out of the sale of securities to them by Asif Ameen, a registered representative of Primeline Securities Corporation, a subsidiary of Primeline Financial Group, Inc. The class defendants have cross-claimed against Columbia seeking recovery from the proceeds of the policy in question. Plaintiffs do not appear to seek any relief from or judgment against the class defendants.

Plaintiffs initially filed their lawsuit in Sedgwick County District Court on July 12, 2000. On that same day, plaintiffs forwarded the summons for Columbia to the Kansas Department of Insurance for service by the Department in accordance with K.S.A. § 40-218. That statute requires the Kansas Insurance Commissioner to serve the named defendant by

forwarding the process by certified mail, return receipt requested to the secretary of the named insurance company. In its most recent annual statement, filed March 27, 2000, Columbia notified the Kansas Department of Insurance that Jonathon Kantor was Columbia's Secretary and General Counsel. Despite this information, the Kansas Insurance Commissioner issued the service to Columbia addressed to Nancy Sabate. Ms. Sabate is not Columbia's Secretary and was never authorized to accept service on behalf of Columbia. Ms. Sabate did not receive the service despite being the addressee. The signature that appears on the return receipt card which accompanied the service is not Sabate's signature.

On August 30, 2000, upon the motions of plaintiffs and the class defendants, the state court entered default judgment against Columbia. After a hearing on January 28, 2001, on March 9, 2001, the state court granted judgment to plaintiffs in an amount in excess of three million dollars. On May 10, 2001, the state court entered judgment in favor of the class defendants and against plaintiff for an amount also in excess of three million dollars. Class defendants asserted that this amount was Columbia's liability in view of the default judgment entered against it. Class defendants pursued the default judgment through garnishment procedure.

On June 21, 2001, after being notified of the garnishment request, Columbia appeared in state court and filed a motion to set aside the default judgment. On July 27, 2001, the state court declared that service on Columbia was proper, but vacated the default judgment on grounds of excusable neglect by Columbia. The court also indicated that Columbia had asserted a meritorious defense to the coverage claim. On August 6, 2001, plaintiffs re-served Columbia in accordance with § 40–218. Co-lumbia subsequently removed the action to this court on August 24, 2001.

Plaintiffs and class defendants now move for remand of this action to state court. They assert numerous grounds. First, they contend that Columbia failed to file its notice of removal within 30 days of service as required by 28 U.S.C. § 1446(b). The moving parties also contend that Columbia failed to file the notice of removal within one year after commencement of the action as outlined in that same statute. Next, plaintiffs and class defendants argue that Columbia violated the "unanimity rule" which holds that removal of an action with multiple defendants requires all defendants to join in or consent to the removal. They also argue that removal is improper in this case because the court lacks jurisdiction in view of a lack of complete diversity. Columbia responds to this position by asserting that the court should realign the parties to reflect the true nature of this action since plaintiffs and class defendants share a unity of interest in this action. Finally, plaintiffs and class defendants claim that Columbia waived any right it might have had to removal by submitting to the state court's jurisdiction by answering, seeking to set aside the default judgment, and filing a motion to dismiss.

## II. Discussion and Analysis

■ As noted above, plaintiffs and class defendants argue that remand is appropriate in this case because Columbia did not request removal within 30 days of service. 28 U.S.C. § 1446(b) states in pertinent part:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the

claim for relief upon which such action or proceeding is based.

28 U.S.C. § 1446(b). For some time, significant confusion existed among the various federal courts as to the interpretation of the statutory phrase "through service or otherwise." Many courts held that receipt of the complaint was sufficient to begin the running of the 30–day period. However, the Supreme Court adopted a differing interpretation of the statutory language in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999). There, the Court held that "the defendant's period for removal will be no less than 30 days from service, and in some categories, it will be more than 30 days from service, depending on when the complaint is received." *Id.*, 526 U.S. at 354, 119 S.Ct. at 1328. Thus, the 30–day period for removal in this case runs from the date that plaintiffs obtained valid service on Columbia.

Plaintiffs assert that, regardless of the sufficiency of service, the 30–day limit should begin to run from the time Columbia appeared before the state court by filing an answer and a motion to dismiss. Plaintiffs rely on the Tenth Circuit case of *Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072 (10th Cir.1999) which held that defendant must remove within 30 days of discovering the grounds for removal. *Huffman* is irrelevant to the present determination, however, because the circuit was construing the second paragraph of § 1446(b) as opposed to the first paragraph which is now before the court. As will be discussed later in this opinion, the second paragraph of § 1446(b) is inapplicable to this case and thus plaintiffs' arguments thereunder are also inapplicable.

Plaintiffs argue that the 30–day period began to run on June 28, 2001. On that day, the state court judge ruled that plaintiffs had obtained valid service of process on Columbia. Plaintiffs argue that the state judge ruling forecloses further consideration of the validity of the service on Columbia. Columbia notes that the state judge did find the service to be sufficient, but stated that service "could be an interesting question in the future." Columbia's Ex. 18, p. 23–24. Regardless of the degree of confidence expressed by the state judge with regard to the ruling on sufficiency of service, this court is not bound by that ruling and may itself consider whether plaintiffs obtained valid service over Columbia. Plaintiffs concede that the court may review the state court's finding on sufficiency of process. *See* Plaintiffs' Response to Columbia's Opposition, at 4 ("Columbia Casualty's first argument, that the federal court may review, properly states the law."). Further, the idea that a denial by state court of a defendant's objections to service is interlocutory and subject to reconsideration by federal court after removal is supported by Supreme Court precedent, albeit somewhat ancient. *See General Inv. Co. v. Lake Shore & M.S. Ry. Co.*, 260 U.S. 261, 267, 43 S.Ct. 106, 110, 67 L.Ed. 244 (1922) ("While the state court considered the objection to the service and overruled it before the removal, this was not an obstacle to an examination of the question by the District Court after the removal. The state court's ruling was purely interlocutory, and its status in this regard was not affected by the removal.").

Columbia contends that it did not receive valid service until August 6, 2001 and that the 30–day period for removal did not run until that time. Plaintiffs assert numerous machinations in an attempt to trigger the 30–day period in June of 2000. However, plaintiffs do not directly argue that their June 12, 2000 service on Columbia was actually valid. Nor do they seek to explain their rationale for re-serving Columbia in August of 2001.

The June 12, 2000 service attempt was made pursuant to K.S.A. § 40–218 which allows service upon the Kansas Commissioner of Insurance as a constructive agent for receipt of process. As noted above, § 40–218 requires the Commissioner to forward the process to the secretary of the defendant insurance company by certified mail, return receipt requested. The June 12, 2000 service failed to comply with the specific requirements of § 40–218. As set forth in the facts portion of this opinion, the Commissioner of Insurance did not forward the process to Columbia's named secretary, but instead issued the process to a Columbia employee who was not authorized to accept service on Columbia's behalf.

■ Kansas law requires strict compliance with statutory service requirements before service may be considered valid. As noted by the Kansas Supreme Court in *Board of Com'rs of Butler County v. Black, Sivalls & Bryson,* 169 Kan. 225, 227, 217 P.2d 1070, 1072 (1950), "[f]ailure to comply with [all] statutory requirements renders the attempted service on defendants void." Plaintiffs do not contend that the June 12, 2000 service complied with all of the requirements of K.S.A § 40–218. Because the June 12 service was not served on Columbia's secretary of record, the service was invalid and thus cannot be sufficient to trigger the running of the 30–day period under the first paragraph of 28 U.S.C. § 1446(b).

Plaintiffs first obtained valid service on Columbia when they re-served it on August 6, 2001. Pursuant to *Murphy Brothers,* this is the earliest date on which the 30–day period for removal would run. Columbia removed the action on August 24, 2001, within 30 days of the running of the statutory period. The court thus finds that Columbia filed its notice of removal in accordance with the statutory 30–day period set forth in 28 U.S.C. § 1446(b).

■ Plaintiffs and class defendants also argue that Columbia's attempted removal is untimely pursuant to the one year time period set forth in the second paragraph of § 1446(b). Section 1446(b) provides, in relevant part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). While the Tenth Circuit has not directly addressed the issue, the court finds that the plain meaning of § 1446(b) indicates that the one-year time limit applies only to cases that were not apparently removable upon the initial pleading. The court's interpretation is supported by the holdings of other federal courts that have addressed this issue. The Fifth Circuit interprets section 1446(b) to provide a two-step test to determine whether a defendant has timely removed. *See Chapman v. Powermatic, Inc.,* 969 F.2d 160, 161 (5th Cir.1992). The first paragraph of section 1446(b) applies to cases that are removable as initially filed. The second paragraph of section 1446(b) applies to cases that are not removable at the time they are originally filed, but become removable at a later time. *See Johnson, et al. v. Heublein Inc.,* 227 F.3d 236, 241 (5th Cir.2000) (citing *New York Life Ins. Co. v. Deshotel, et al.,* 142 F.3d 873, 876 (5th Cir.1998)). *See also Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1316 (9th Cir.1998) (holding that one year limitation only applies to the second paragraph of § 1446(b), i.e., one year limitation only ap-

plies to cases where the removability was not apparent from initial pleadings); *Howell v. St. Paul Fire & Marine Ins. Co.*, 955 F.Supp. 660 (M.D.La.1997) ("There are only two classifications made in section 1446(b)—suits initially removable and those which are not. To determine whether the one year time limit applies, you must first determine whether the suit was initially removable. If the suit is initially removable, the one year limitation does not apply."); *Zogbi v. Federated Dep't Store*, 767 F.Supp. 1037, 1039 (C.D.Cal.1991) ("The 'except that ...' clause cannot reasonably be read as also modifying the first sentence/paragraph of section 1446(b)."); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 913 F.Supp. 517, 520 (E.D.Ky.1996) ("the plain meaning of § 1446(b) precludes a construction of this limitation as applying to [the first paragraph]"); Wright & Miller, Federal Practice and Procedure § 3732 at 284 n. 1.3 (2d ed. 1997 Supp.) ("[T]he language of the statute seems to indicate that only initially nonremovable cases are affected by the one year bar to removal."). The court thus concludes that the one year limit for removal based on diversity jurisdiction applies only to cases which were not removable upon the initial pleadings. Here, plaintiffs do not contend that the present action was not removable upon the initial petition. Indeed, neither party to this case has amended any of its initial pleadings nor filed any other papers which would alter Columbia's ability to seek removal. Because the status of the removability of this case has not changed since the initial pleadings, the one year limitation does not apply.

■ Plaintiffs next contend that Columbia's removal of this case was inappropriate because of the lack of complete diversity. On the face of the petition, it is clear that diversity is not present in this case. Plaintiffs are Kansas residents as are several of the class defendants. Thus, on the basis of the pleadings in this case, complete diversity is not present. Columbia contends, however, that the court should realign the parties to reflect the true interests in this lawsuit. More specifically, Columbia contends that the class defendants should be realigned as plaintiffs for purposes of determining diversity.

Looking solely at the face of plaintiffs' petition, it is clear that plaintiffs did not seek any relief from the class defendants. The petition prays for a judgment declaring that Columbia is obligated to provide coverage and a defense of claims arising out of the allegedly fraudulent securities transaction. In addition, the petition requests a judgment against Columbia for litigation costs and expenses and for judgment against Columbia for diminution in the value of plaintiffs' stock. While the petition names the class defendants as defendants, plaintiffs do not seek relief from them. The class defendants' answer establishes a cross-claim in this action. The cross-claim seeks a judgment declaring that Columbia is obligated to provide coverage for plaintiffs' liability to class defendants, if any. Plaintiffs and class defendants thus appear, on the face of the pleadings, to be pursuing similar aims in the present lawsuit.

Plaintiffs and class defendants rely on the Kansas Supreme Court case of *Heinson v. Porter*, 244 Kan. 667, 671–72, 772 P.2d 778 (1989), *overruled in part on other grounds, Glenn v. Fleming*, 247 Kan. 296, 310, 799 P.2d 79 (1990), for the proposition that both an insured and the injured parties are proper and necessary parties to a case such as this. The court agrees. Class defendants are proper parties in this action. The issue now before the court, however, is whether class defendants should be aligned with plaintiffs for purposes of establishing diversity jurisdiction.

■ As the Supreme Court noted in *Northbrook Nat. Ins. Co. v. Brewer*, 493

U.S. 6, 110 S.Ct. 297, 107 L.Ed.2d 223 (1989), "[d]iversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants. It is our duty, as it is that of the lower federal courts, to 'look beyond the pleadings and arrange the parties according to their sides in the dispute.'" *Id.* at 493 U.S. at 8, n. 5, 110 S.Ct. at 304, n. 5 (citations omitted). The court must determine the "principal purpose of the suit," and "the primary and controlling matter in dispute" and properly align the parties according to their interest. *See City of Indianapolis v. Chase Nat. Bank of the City of New York,* 314 U.S. 63, 69, 62 S.Ct. 15, 86 L.Ed. 47 (1941).

The primary dispute in this action is whether Columbia must provide insurance coverage for the claims of class defendants, the injured party, against plaintiffs, the insured. Therefore, even though plaintiffs and class defendants have a legitimate underlying dispute in the securities fraud action, plaintiffs and the class defendants are aligned for purposes of the controlling issue in this suit, i.e., insurance coverage. Should plaintiffs be held liable for the class defendants' injuries, class defendants would side with the plaintiffs in arguing that Columbia must cover any judgment.

Although there is no Tenth Circuit case directly on point, the court finds other authority to be persuasive in the exercise of its duty to look beyond the pleadings and arrange the parties according to their sides in the dispute. For example, in *The Home Ins. Co. of Illinois v. Adco Oil Co.,* 154 F.3d 739 (7th Cir.1998) *cert denied* 526 U.S. 1017, 119 S.Ct. 1250, 143 L.Ed.2d 348, the Seventh Circuit stated that, in determining subject matter jurisdiction on the basis of diversity, "the normal alignment of parties in a suit seeking a declaratory judgment of non-coverage is Insurer versus Insured and Injured Party." In short, the court concludes that the class defendants should be realigned as plaintiffs, resulting in complete diversity.

The court's determination that alignment of class defendants as plaintiffs in this case also eliminates the requirement that the class defendants must consent to or join in the removal. The so called "unanimity rule" requires that removal must fail unless all defendants join in the removal. *See Cornwall v. Robinson,* 654 F.2d 685, 686 (10th Cir.1981). Exceptions to the unanimity rule exist for situations involving nominal, unknown, unserved or fraudulently joined defendants. The court concludes that where the defendants contesting removal are realigned as plaintiffs, the situation is analogous to one involving a nominal defendants. The court thus finds that consent of the class defendants is unnecessary for a valid removal.

Plaintiffs next argue that the court should remand this case because Columbia waived its right to remove by proceeding in state court by filing an answer, seeking to set aside the default judgment and filing a motion to dismiss for improper service. While this issue has not been directly addressed in this district or circuit, the court finds that Columbia's actions in the state court did not constitute a waiver of its right to remove the case. The court is persuaded by the analysis utilized by several sister courts from other districts. *See Rose v. Giamatti,* 721 F.Supp. 906, 922 (S.D.Ohio 1989); *Bolivar Sand Co., Inc. v. Allied Equipment, Inc.,* 631 F.Supp. 171 (W.D.Tenn.1986); *Bedell v. H.R.C., Ltd.,* 522 F.Supp. 732, 738 (E.D.Ky.1981). A "waiver will occur if the defendant files a permissive pleading seeking affirmative relief or takes affirmative action resulting in an adjudication on the merits of an issue which could result in the dismissal of the action in whole or in part."

*Rose,* at 923; *Bedell,* at 738. However, the mere filing in state court of a pleading raising a defense which might be conclusive on the merits is insufficient to find a waiver; rather there must be action on the part of defendants resulting in a decision on the merits on that defense. *Bedell,* at 739. The court thus concludes that Columbia's filing of an answer raising various defenses does not constitute a waiver of its right to remove the action.

In *Bedell,* defendants filed a motion to dismiss a claim for injunctive relief. The state court granted a temporary injunction and defendants sought an interlocutory appeal. After filing for interlocutory review, defendants removed the case to federal court. Plaintiffs argued that these actions constituted a waiver. Applying the above mentioned principles, the *Bedell* court held that the motion to dismiss merely sought to dissolve the temporary restraining order and defendant neither requested nor received any final determination upon the ultimate merits of the controversy. The *Bedell* court thus held that defendants' actions did not constitute a waiver of the right to remove. Here, defendants' motion to dismiss simply contested the manner of service. It did not seek an adjudication of the merits of the underlying coverage controversy. Columbia's motion to dismiss does not constitute a waiver of its right to remove.

The *Bolivar* court concluded that the defendant had waived its right to remove by presenting and arguing motions for a directed verdict and for a mistrial. The *Bolivar* court set forth the following analysis for determining whether a waiver occurs:

> The critical factor in determining whether a particular defensive action in the state court should operate as a waiver of the right to remove is the defendants' intent in making the motion. If the motion is made only to preserve the

status quo ante and not to dispose of the matter on its merits, it is clear that no waiver has occurred. On the other hand, if a motion seeks a disposition, in whole or in part, of the action on its merits, the defendant may not attempt to invoke the right to remove after losing on the motion.

Following this rationale, the court now concludes that Columbia's efforts in setting aside a default judgment cannot constitute a waiver of its right to remove. By seeking to set aside the default, Columbia was simply seeking to preserve its right to contest the merits of plaintiffs' claims and was not seeking a ruling on the merits of those claims. In a sense, Columbia's efforts to set aside default were not even permissive pleadings. In order to continue to defend this action, Columbia had no choice but to move to set aside the default. The court concludes that such actions did not constitute a waiver of Columbia's right to remove.

■ Finally, plaintiffs argue, in their reply brief, that Columbia's actions in state court were equivalent to valid service pursuant to the provisions of K.S.A. § 60–303 which states that "[t]he voluntary appearance by a defendant is equivalent to service as of the date of appearance." Plaintiffs raise this issue for the first time in their reply brief (entitled "Plaintiffs' Response to Columbia Casualty's Opposition"). Courts in this district generally refuse to consider issues raised for the first time in a reply brief. *See Thurston v. Page,* 931 F.Supp. 765, 768 (D.Kan.1996) ("The court will not consider the new argument presented in defendants' reply brief when that issue was not raised in the initial motion for summary judgment."); *Glad v. Thomas County Nat'l Bank,* No. 87–1299–C, 1990 WL 171068 (D.Kan. Oct. 10, 1990) (court will not consider new arguments and issues presented in reply brief

because opposing party does not have an opportunity to respond); *Mike v. Dymon, Inc.*, No. 95–2405–EEO, 1996 WL 427761, at *2 (D.Kan. July 25, 1996) ("In pursuit of fairness and proper notice, the court generally summarily denies or excludes all arguments and issues first raised in reply briefs."). Based on these authorities, the court will disregard plaintiffs' final argument. Because the court finds that Columbia's notice of removal is procedurally adequate, that the court has diversity jurisdiction over this matter, and that Columbia did not waive its right to remove this action, plaintiffs' and class defendants' motions to remand are denied.[1]

IT IS THEREFORE ORDERED this _____ day of December, 2001 that plaintiffs' motion for remand (dkt. no. 5) and class defendants' motion to remand (dkt. no. 10) are denied. In addition, Columbia Casualty's motion for leave to respond to plaintiffs' reply is denied pursuant to the instructions to the Clerk of the Court set forth in footnote 1 of this order.

---

1. The court notes that Columbia filed a motion for leave to respond to plaintiffs' reply which was titled "Plaintiffs' Response to Columbia Casualty's Opposition to the Motion to Remand." Attached to Columbia's motion for leave was the underlying response to plaintiffs' reply. Columbia's filing of its motion for leave was procedurally irregular and the clerk of the court withdrew the pleading from the docket. While plaintiffs did respond to Columbia's motion for leave, the clerk did not docket the response pending further instruction from the court. The court now instructs the clerk to docket Columbia's motion for leave to respond, but not the underlying response. Additionally, the clerk should docket plaintiffs' response to Columbia's motion for leave. The court now denies Columbia's motion for leave to respond. The proffered response constitutes a surreply which this court refuses to consider. The court further notes, however, that the matters discussed in Columbia's surreply relate to topics raised for the first time in plaintiffs' reply to the original motion to remand. As noted above, the court will not consider arguments raised for the first time in a reply brief and Columbia's surreply is thus unnecessary.