Peter M. WALLACE, Plaintiff,

v.

MICROSOFT CORPORATION,
Defendants.

No. 07–2379–JTM.

United States District Court,
D. Kansas.

June 27, 2008.

A.J. Kotich, G.H. Griffeth, Topeka, KS, Douglas A. Hager, Valley Falls, KS, for Plaintiff.

Courtney Anne Hasselberg, Michael L. Blumenthal, Seyferth Blumenthal & Harris LLC, Kansas City, MO, for Defendants.

## MEMORANDUM AND ORDER

J. THOMAS MARTEN, District Judge.

This is an action by Peter Wallace against his former employer, Microsoft Corporation. Wallace alleges that he was injured in January of 2004, when he fell on a public sidewalk while walking to a company meeting in Chicago, Illinois. After some period off work, Wallace alleges that he returned with medical restrictions which Microsoft refused to accommodate, placed him on leave without pay status, and finally terminated his employment in May of 2005. Wallace raises claims for retaliatory discharge, breach of employment contract, outrage, and several statutory claims.

Wallace began this action against Microsoft in the District Court of Johnson County on May 18, 2007. Microsoft removed the action to this court on August 15, 2005. There are two motions before the court. First, Wallace has moved to remand the case, arguing that the removal was untimely. Second, Microsoft has moved to dismiss certain elements of Wallace's Petition.

For purposes of resolving the motions before the court, no substantial factual controversy exists as to the timing of the pleadings in 2007. As noted earlier, Wallace filed his Petition against Microsoft in the District Court of Johnson County on May 18, 2007. On May 23, the state court docket notes: "REQUEST AND SERVICE INSTRUCTION FORM, SUMMONS AND PETITION ISSUED TO THE PROCESS SERVER AT THE FRONT COUNTER." (Def.Exh.B). Later, counsel for Wallace filed a return of service indicating personal service on the resident agent Corporation Service Company on June 28, 2007. However, Wallace served only the Petition, not a copy of the summons. (Dft.Exh.1). Microsoft acknowledged service of the Petition on June 28, 2007.

On or about July 10, 2007, Microsoft's counsel contacted Wallace's counsel requesting an extension of time to file responsive pleadings. Counsel for Wallace agreed to the extension. Microsoft asked for another extension on August 13, 2007.

On August 15, 2007, Microsoft served its Notice of Removal upon Plaintiff, raising for the first time the issue of service. Microsoft states that its earlier requests for extension were purely pro forma requests while the parties discussed settlement of the action, and that at no time did counsel waive any required service of process. (Def.Exh.2).

On August 29, 2007, Wallace again served Microsoft's designated resident agent with a copy of the petition and summons from the Johnson County District Court. On September 13, 2007, Wallace served Microsoft's resident service agent with a copy of the petition and summons under the current federal caption.

Thirty days from June 28, 2007, (not counting the day of service), is July 28, 2007.

**Motion to Remand**

▮ The plaintiff contends that removal here is untimely, because it occurred more

than a month after the June 28 service of the state court Petition, which represented "substantial compliance" with Kansas laws governing service of process. The plaintiff contends that the thirty-day time limit for removal began from that date, and seeks to distinguish decisions such as that of this court in *Liebau v. Columbia Casualty Company*, 176 F.Supp.2d 1236 (2001). *See also Jenkins v. MTGLQ Investors*, 218 Fed.Appx. 719, 724 (10th Cir.2007).

> Under 28 U.S.C. § 1446(b),
>
> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999). There, the Court held that "the defendant's period for removal will be no less than 30 days from service, and in some categories, it will be more than 30 days from service, depending on when the complaint is received." *Id.*, 526 U.S. at 354, 119 S.Ct. at 1328.

The plaintiff argues that *Liebau* is not binding here because of a change in the law. In *Liebau*, the court noted that service had been obtained under K.S.A. 40–218, and that "Kansas law requires strict compliance with statutory service requirements before service may be considered valid," 176 F.Supp.2d at 1241, *citing Board of Com'rs of Butler County v. Black, Sivalls & Bryson*, 169 Kan. 225, 227, 217 P.2d 1070, 1072 (1950). Kansas now only requires substantial compliance with service of process requirements. *Myers v. Board of County Com'rs of Jackson County*, 280 Kan. 869, 877, 127 P.3d 319 (2006).

Plaintiff also argues that the 30–day period should also be considered to have commenced with the service of the Petition under the language of removal statute, 28 U.S.C. § 1446(b), as well as the decision of the Supreme Court in *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999).

The court finds that the present action was timely removed. The general acceptance of substantial compliance has not altered the basic rule requiring service of summons as prerequisite for exercise of jurisdiction over a defendant. Thus, in *Myers,* the Kansas Supreme Court explicitly cited with approval the earlier ruling in *Chee Craw Teachers Ass'n v. U.S.D. No. 247*, 225 Kan. 561, 593 P.2d 406 (1979) as an "example of how substantial compliance applies to the serving *of a summons.*" *Myers*, 280 Kan. at 876, 127 P.3d at 324. Plaintiff has cited to no authority finding that the time period for removal commences even in the absence service of a summons.

In contrast, Kansas law has emphasized the importance of such service. Thus, in *Cook v. Cook*, 32 Kan.App.2d 214, 222, 83 P.3d 1243 (2003), *rev. denied*, 277 Kan. 923 (2004), the court held that there was no substantial compliance where there was an absence of service of the summons. The absence of the summons, the court held, was "not merely irregular or defective but was a nullity." 32 Kan.App.2d at 222, 83 P.3d at 1248. The court stressed further that the fact that the defendant "had actual knowledge of the suit and did not suffer prejudice does not mean that there was substantial compliance with K.S.A. 60–204". *Id.*

On this issue, there is no divergence between state and federal law. Whether under state or federal law, it is the service of summons that authorizes the court's jurisdiction over the defendant. The Supreme Court has held that "a

named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999). This court reached a similar conclusion in *Ortiz v. Biscanin*, 190 F.Supp.2d 1237, 1243 (D.Kan.2002), noting that Murphy rejected the view "that receipt of the complaint alone, prior to service, suffices to begin the thirty-day period."

In his reply, plaintiff attempts to distinguish both *Cook*, by stressing that the court there reiterated the rule merely required substantial compliance with service of process, and *Murphy*, but emphasizing language from the Supreme Court that the time for removal is triggered "not by mere receipt of the complaint unattended by any formal service," in combination with the fact that in that case the plaintiff did not even attempt to follow formal procedures for services.

These attempts at distinguishing the cited cases are unpersuasive. With respect to *Murphy*, the "formal service" emphasized by plaintiff, clearly refers in context to some formal service of the summons:

> Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service *of the summons* and complaint, or receipt of the complaint, "through service or otherwise," *after and apart from service of the summons*, but not by mere receipt of the complaint unattended by any formal service.

526 U.S. at 347–48, 119 S.Ct. 1322.

Similarly, the court does not find that *Cook* supports plaintiff's argument. Along with the general observation by the Court of Appeals in that case that the standard is one of "substantial compliance" with the requirements for service, is the specific observation that the failure of the service of the summons was not substantial compliance because of the essential nature of the summons—its absence was "not merely irregular or defective but was a nullity." 32 Kan.App.2d at 222, 83 P.3d at 1248.

Next, Plaintiff also cites *Baumeister v. New Mexico Comm. for the Blind*, 409 F.Supp.2d 1351 (D.N.M.2006). However, *Baumeister* did not deal with the timing for removal under § 1446, but with the separate question of whether a defendant could obtain dismissal of a an action which was timely removed but lacked valid service of process. The ruling does not displace the holdings such as *Liebau* and *Ortiz* that the clock for removal does not commence in the absence of a valid summons.

Finally, Wallace suggests that his action against Microsoft should nonetheless be deemed to have begun on June 28, 2007, pursuant to K.S.A. 60–203(b). This statute provides;

> If service of process or first publication purports to have been made but is later adjudicated to have been invalid due to any irregularity in form or procedure or any defect in making service, the action shall nevertheless be deemed to have been commenced at the applicable time under subsection (a) if valid service is obtained or first publication is made within 90 days after that adjudication, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff.

The court finds that this savings provision has no application here. The Kansas Court of Appeals as stated that, under K.S.A. 60–203(b),

before it can be said that service has 'purported to have been made,' it must be shown that a defendant was given actual notice of having been sued. We also conclude that the following factors should exist: (1) The original service must have 'appeared' to be valid and the returns by the sheriff's office or other process servers must indicate that the service was valid. (2) The record should show that the plaintiff believed in good faith that his or her service was valid and relied on that validity to his or her detriment. (3) The plaintiff had no reason to believe the defendant was contesting service until after the statute of limitations had run, but had no opportunity to take steps to correct the defective service.

*Grimmett v. Burke*, 21 Kan.App.2d 638, 647–48, 906 P.2d 156 (1995), *rev. denied* 259 Kan. 927 (1996). *See also Pieren–Abbott v. Kansas Dept. of Revenue*, 279 Kan. 83, 101–02, 106 P.3d 492 (2005) (adopting *Grimmett factors* ).

The statute is relevant if there has been an apparent valid service of process. The apparent validity or invalidity of the attempted service is determined by an examination of the return. *Grimmett*, 906 P.2d at 164. *See also Logan v. DaimlerChrysler Corp.*, 146 P.3d 709, 2006 WL 3409812, *4 (Kan.App.2006) (apparent validity of purported service determined from "information available at the time of the service"); *Estate of Norris ex rel. Norris v. Hastings*, 36 Kan.App.2d 479, 141 P.3d 511 (plaintiff not entitled to protection of § 60–203(b) where plaintiff could have determined question existed as to service based on information on return envelope). Here the evidence before the court established that the Return of Service filed in state court showed explicitly that the service accomplished in June was the service of the Petition *only*. (Plf.Exh.A.). Given the nature of this explicit statement in the return, it was not apparent that the requirement of attempted service of the summons had been met.

**Motion to Dismiss**

■ Microsoft has moved to dismiss the following portions of the Petition: Counts I (retaliatory discharge), Count III (breach of contract), Count IV (Kansas Wage Protection Act), Count V (Consolidated Budget Reconciliation Act, or COBRA), and Count VII (Family and Medical Leave Act, FMLA). Wallace has explicitly abandoned the COBRA claim. This leaves Counts I and III, which are challenged as untimely, and Counts IV and VII, which fail to state a claim for relief according to Microsoft.

Wallace was allegedly terminated on May 27, 2005. Accordingly, Counts I and III are timely only if they were timely commenced prior to May 27, 2007. *See West v. Conrail*, 481 U.S. 35, 39 n. 4, 107 S.Ct. 1538, 95 L.Ed.2d 32 (1987) (federal law in diversity action looks to state law in determining whether an action has been timely commenced). Under K.S.A. 60–304(e) service on a registered agent requires service which includes "a copy of the summons and petition." The courts have recognized that the statute requires more than mere service of the petition and the summons. *Wheat v. Kinslow*, 316 F.Supp.2d 944, 950 (D.Kan.2003). Here, however, there was no service of the summons on Microsoft until after May 27, 2007, and thus the action was not commenced until after limitations period had expired.

■ Wallace raises three arguments why the action should be deemed to have timely commenced. Two of these arguments—that the action is saved by application of K.S.A. 60–203(b) and by the rule of substantial compliance—have also been raised by the plaintiff with respect to the timeliness of remand, and the same court's

previous discussion is therefore relevant here. Under Kansas law, there cannot be substantial compliance where there has been no service of the summons on the defendant. And K.S.A. 60–203(b) has no application here where the service of return directly indicates that there has been no service of summons on the defendant, but of the petition only. The remaining argument advanced by Wallace is that Fed.R.Civ.Pr. 4(m) supports a different result.

Rule 4(m) provides:

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

However, Rule 4(m) does not extend the time for filing a complaint beyond that permitted by a state statute of limitations. *Habermehl v. Potter*, 153 F.3d 1137 (10th Cir.1998). Under Kansas law, an action is commenced for limitations purposes at the time the action is filed, if there is service within 90 days. *Storts v. Hardee's Food Systems*, 210 F.3d 390, 2000 WL 358381, at *2 (10th Cir.2000). Here, the action cannot be deemed to have commenced when it was filed, since service did not occur until more than 90 days later. Since the action was not commenced until there was service of the summons on August 29, 2007, the common law tort claims are time barred under Kansas law. Since they are so barred, Rule 4(m) cannot revive the extinguished claims.

In his KWPA claim, Wallace contends that pursuant to K.S.A. 44–312 he is entitled to "wages in the sum of $8,000 for earned but unused family care leave." (Petition and ¶ 39). Microsoft has moved to dismiss the claim on the grounds that the unused leave cannot constitute wages within the meaning of the KWPA. Microsoft also argues that Wallace's claim for statutory penalties is time-barred by the one-year statute of limitations of K.S.A. 60–514(c). In response, Wallace agrees that claim for statutory penalties is barred, but argues the compensation for leave falls within the scope of the KWCA

Under K.S.A. 44–313(c), for purposes of the KWPA "wages" are defined as "compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece, commission or other basis less authorized withholding and deductions." The Kansas Department of Human Resources has interpreted the statute to include "all agreed compensation for services for which the conditions required for entitlement, eligibility, accrual or earning have been met by the employee." K.A.R. 49–20–1(d).

The Kansas Court of Appeals has stated that "it has been generally recognized that vacation pay is a type of wage." *Mid America Aerospace, Inc. v. Department of Human Resources*, 10 Kan.App.2d 144, 146, 694 P.2d 1321, 1324, *rev. denied* 237 Kan. 887 (1985). Whether or not a given employee has an action under the KWPA turns upon the specific language of the contract between the parties. *See Sweet v. Stormont Vail Regional Medical Center*, 231 Kan. 604, 647 P.2d 1274 (1982); *Mid America Aerospace*, 10 Kan.App.2d at 146, 694 P.2d at 1324; *Dillard Dept. Stores, Inc. v. Kansas Dept. of Human Resources*, 28 Kan.App.2d 229, 233, 13 P.3d 358 (2000).

Microsoft suggests in response that the allegations in the Petition are the sort of formulaic recitation of labels which fail to state a claim for relief, as recognized in *Bell Atlantic Corp. v. Twombly*, —— U.S. ——, 127 S.Ct. 1955, 1968–70, 167 L.Ed.2d 929 (2007). However, while *Bell Atlantic* clarified the standard for dismissal, it remains the rule that the proper remedy for a formulaic complaint is to permit amendment unless such action would be futile. *Dobyns v. Trauter*, 552 F.Supp.2d 1150 (W.D.Wash.2008). Accordingly the court will permit Wallace thirty days from the date of this order to amend his complaint to more fully set forth his claim for wages under the KWPA.

■ With respect to Wallace's FMLA claim, Wallace alleges in his Petition that he asked about his rights under the FMLA, but Microsoft did not respond, that he was never told that his workers compensation leave was being counted as FMLA leave, and that "[i]n the alternative, [Microsoft] did not provide [him] with twelve weeks FMLA leave." Petition, at ¶ 54. Microsoft argues that the claim is insufficient because the facts alleged in the complaint indicate that Wallance enjoyed unpaid leave from March 31, 2004 to September, 2004, thereby receiving roughly double the 12 weeks of unpaid leave required by FMLA. Wallace responds that, regardless of the actual amount of leave received, Microsoft violated his rights under the FMLA by failing to affirmatively inform him of his rights under the statute. *See Tate v. Farmland Industries*, 268 F.3d 989 (10th Cir.2001). In *Tate*, the Court of Appeals noted the existence of an administrative regulation providing that if an employer is on notice that an employee might qualify for FMLA benefits, the employer has a duty to notify the employee that coverage may apply. *See* 29 C.F.R. § 825.208(a).

Microsoft argues that the regulation referenced in *Tate* is of questionable validity in the wake of *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 88–89, 122 S.Ct. 1155, 152 L.Ed.2d 167 (2002). In Ragsdale, the Court referred to the requirement for employer notice in 29 C.F.R. § 825.208, and concluded that the sanction adopted by the Secretary for violation of that requirement, 29 C.F.R. § 825.700(a), specifically providing that any leave granted prior to notice would be deemed non-FMLA leave, was contrary to the remedial purpose of the statute. In addition, the regulation was "invalid because it alters the FMLA's cause of action in a fundamental way: It relieves employees of the burden of proving any real impairment of their rights and resulting prejudice." *Id.* at 90, 122 S.Ct. 1155. Rather than a categorical rule effectively requiring additional leave, the Court held that FMLA requires individual proof of harm due to a lack of notice. "[W]hile § 825.208 has not been explicitly struck down by the Supreme Court, it status is tenuous at best." *Roberson v. Cendant Travel Serv.*, 252 F.Supp.2d 573, 577 (M.D.Tenn.2002).

Dismissal is not compulsory here. *Tate* remains valid law and this court has continued to cite both it and § 825.208. *See, e.g., Moss v. Bluecross, Blue Shield of Kansas*, 534 F.Supp.2d 1190, 1200 n. 23–25 (D.Kan.2008); *Zhu v. Federal Housing Fin. Bd.*, 389 F.Supp.2d 1253, 1289 (D.Kan.2005). Further, as one commentator has recognized, even invalidating § 825.208 would not automatically require the elimination of claims based on a lack of notice, since

the FMLA still protects plaintiffs when proper employer notice could have prevented their ultimate terminations, without 29 C.F.R. § 825.208(c) creating a trap for unwary employers that leads only to windfalls for plaintiffs. The

courts need only discern one additional element to analyze an interference claim (as opposed simply to disallowing retroactive FMLA designation under the regulation): employee reliance.

Shay Zeemer, "FMLA Notice Requirements and the Chevron Test: Maintaining a Hard–Fought Balance," 55 Vand.L.Rev. 261, 307 (Jan.2002) (footnote omitted).

In *Dotson v. BRP U.S. Inc.*, 520 F.3d 703 (7th Cir.2008), the court rejected an argument that his unpaid workers compensation leave could not be counted against his FMLA leave.

> Dotson apparently believes that an employer may not run FMLA leave concurrently with workers' compensation. The FMLA regulations, however, allow employers to do just that, provided they supply the employee with appropriate notice.

520 F.3d at 708.

The court in *Dotson* concluded that the employer there gave the requisite notice. Here, there is no showing that Microsoft gave any notice to Wallace of the potential application of the FMLA. It remains possible that Wallace might show that a failure to give notice occurred, that this affected his decision as to how much leave to take, and that he was accordingly injured. The court cannot state that it is certain that Wallace will be unable to recover on his FMLA claim.

IT IS ACCORDINGLY ORDERED this 27th day of June, 2008, that the plaintiff's Motion to Remand (Dkt. No. 7) is denied; defendant's Motion to Dismiss (Dkt. No. 19) is granted in part and denied in part as provided herein.