# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 15, 2009

Charles R. Fulbruge III
Clerk

No. 09-20238
Summary Calendar

KEVIN HART,

Plaintiff - Appellant

v.

COMCAST OF HOUSTON, LLC, A Delaware Corporation,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-08-1379

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Kevin Hart appeals the district court's summary judgment on his claims for violations of the Family Medical Leave Act (29 U.S.C. §2612)("FMLA"), the Americans with Disabilities Act (42 U.S.C. §12112(a))("ADA") and wrongful termination (under Texas common law). For essentially the same reasons stated by the district court, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hart was employed by Comcast as a sales representative in February of 2006. Comcast contends that this employment lasted only two weeks[1] and that he was then rehired three months later as a home cable installer and repair technician. This new job required him to enter attics and crawl spaces in customers' homes. A little less than a year after he began this new position, Hart went home sick. He spent the next three months on a medical leave of absence, seeing various doctors. On July 31, 2007, Hart requested an alternate duty assignment. However, four days later, he advised Comcast that he was released to return to work with no restrictions. Upon request for a medical release documenting his status, he provided a release signed by a doctor dated August 13, 2007, releasing him to return to work "ASAP" with no restrictions. A few days later he provided a release from another doctor also releasing him to return to work but stating that he could work eight hours a day for five days a week and should "wear a mask."

Hart returned to work on August 29, 2007, but he went to the hospital complaining of a sore throat a few days later. He was treated and released, but he never returned to Comcast. Ten days after the hospital visit, Hart contacted Comcast and stated that he would need a mask. He was told to pick out a mask, and Comcast would buy it for him. That same day, he was told that he needed either to return to work or provide medical verification of his inability to return to work. He did neither and was terminated.[2] Hart then brought this action for alleged violations of the FMLA and ADA and for wrongful termination. The district court granted summary judgment on the entire case.

---

[1] Hart argues that he was a sales representative and then reassigned to his next job with Comcast. Comcast contends Hart was laid off and then rehired. This dispute is not material to our determination of the case.

[2] Indeed, his doctor released him to return to work on September 13, 2007.

We review a grant of summary judgment de novo. Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

The FMLA provides up to twelve weeks of unpaid leave each year to an eligible employee who has "a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. §2612(a)(1)(D). Hart contends he was not allowed the requisite twelve weeks because Comcast did not properly notify him of his FMLA eligibility, citing *Wallace v. Microsoft Corp*, 563 F. Supp. 2d 1197 (D. Kan. 2008). *Wallace* does not require such an exaltation of form over substance. The undisputed evidence shows that Hart was allowed seventeen weeks of unpaid leave and returned to the same position with the same pay. As a matter of law, Hart was not harmed by any lack of notice, and we decline to impose *per se* liability on these facts.

Hart also alleges that he was retaliated against for taking FMLA leave by being fired shortly thereafter. Assuming without deciding that Hart stated a prima facie claim of discrimination – *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) – he has failed to provide any facts suggesting that Comcast's legitimate, non-discriminatory reason for his termination was pretextual. Despite a release to return to work and a request by Comcast that he do so, Hart failed to return. His conduct was an ample basis for Comcast's termination.

Although Hart appears to have appealed the entirety of the district court's summary judgment, he has wholly failed to brief the ADA and wrongful termination issues. Accordingly, he has waived his appeal as to those issues. *Gann v. Fruehauf Corp.*, 52 F.3d 1320, 1328 (5th Cir. 1995).

AFFIRMED.